**Terry Lee ERHART, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 6244.**

Court of Appeals of Alaska.

Dec. 17, 1982.

Dick L. Madsen, Cowper & Madsen, Fairbanks, for appellant.

Virginia Rusch, Asst. Atty. Gen., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

■ Terry Erhart entered a plea of *nolo contendere* to one count of sexual assault in the first degree, a class A felony, AS 11.41.-410(a). He appeals his conviction[1] and sentence. We affirm.

The trial court sentenced Erhart, a twenty-one-year-old first felony offender, to ten years' imprisonment without possibility of parole, for a sexual assault.

P.B., Erhart's victim, submitted a written unsworn statement to the court. She stated that she suffered extreme mental injury and emotional distress as a result of the incident. She indicated that she had been forced to give up her employment as a school teacher because of pressure from Erhart's family, and was thinking of leaving the village where she and her husband had resided for some time. She indicated that Erhart's family is very prominent in the village and persecuted her since the incident. She also indicated that Erhart had assaulted many women before and had never been punished and therefore thought he could get away with such conduct. She expressed particular fear that the prominence of Erhart's family in the village would earn him a lenient sentence.

The presumptive sentence for a second felony offender is ten years without the possibility of parole. The trial court had before him testimony of Ms. "G" and Ms. "T" asserting that Erhart had previously sexually assaulted them. Erhart was never charged with these offenses. Erhart denied assaulting Ms. "G" or Ms. "T" and the trial court did not resolve the conflict. In fact, he specifically declined to rely on the testimony of Ms. "G" and Ms. "T." The trial court predicated its ten years' sentence on the assumption that Erhart was a worst offender because he invaded the victim's residence in the nighttime and used a knife to coerce her into sexual penetration. There is no evidence that P.B. and Erhart were social friends or that he was ever invited to her residence. There is no suggestion that any mitigating factors apply. In making his finding that Erhart was a worst offender, the trial court overlooked AS 12.55.125(c)(1) which provides a six-year presumptive sentence for a first felony conviction of a class A felony where the defendant possesses or uses a firearm or causes serious physical injury.

The legislature has classified all felonies into three classes: (1) class A felonies, characterized by conduct involving serious physical injury or the threat of serious physical injury to the victim. AS 11.81.250(a)(1); (2) class B felonies, characterized by less severe personal injury to the victim or aggravated damage to property or public administration or order, AS 11.81.250(a)(2); and (3) class C felonies characterized by less severe damage to property or the administration of justice, AS 11.81.250(a)(3).

Given this classification, it is clear that the legislature considered the first offender class A felon who possesses or uses a firearm, creating a substantial risk of serious physical injury or actually causing serious physical injury to his victim, a significantly

---

1. Erhart's plea was expressly conditioned on his right to appeal the trial court's denial of certain motions to suppress. The state stipulated that if all Erhart's motions are granted on appeal, the state will have to dismiss the prosecution. We therefore have jurisdiction. *Oveson v. Municipality of Anchorage*, 574 P.2d 801 (Alaska 1978). In denying the motions to suppress, the trial court did not make any findings of fact or render any conclusions of law. *Cf. Johnson v. State*, 631 P.2d 508 (Alaska App. 1981) (trial court must make specific findings of fact and conclusions of law when the voluntariness of a confession is an issue). It is not necessary for us to determine whether the rule requiring explicit findings of fact should apply to alleged *Miranda* violations. We are satisfied that when Erhart was interrogated in his own home in the presence of his family on December 14th by the police, he was not in custody as a matter of law. *Hunter v. State*, 590 P.2d 888 (Alaska 1979). Thus, it is not necessary for a remand to enable the trial court to determine whether the *Miranda* warnings were given prior to interrogation as the officers contend or not given as Erhart could be interpreted to contend. Since Erhart concedes that our decision upholding introduction of the statements obtained on December 14th requires affirmance of his conviction, it is not necessary to consider the parties' arguments regarding the December 22nd interview.

aggravated offender. Consequently, a first offender who does not use a firearm or cause serious physical injury should usually receive a substantially reduced sentence. Nevertheless, a six-year presumptive sentence is not a maximum sentence. It can be increased by the trial judge if he finds certain statutory aggravating factors after the parties are given notice and an opportunity to be heard. AS 12.55.155(c). Where statutory aggravating factors are not present but the court finds that a miscarriage of justice would occur if a defendant receives the presumptive sentence, he may refer the case to a three-judge panel for sentencing. AS 12.55.165, .175. The procedure for referring a case to a three-judge panel does not apply to first offenders. Nevertheless, a trial judge faced with non-presumptive sentencing of a first offender, whose offense is so aggravated that it would merit reference to such a panel, if he were subject to presumptive sentencing, should be given discretion to tailor an appropriate sentence to that offender. We have never discussed the kind of factors which would warrant reference to a three-judge panel. In *Austin v. State,* 627 P.2d 657 (Alaska App.1981), we authorized a sentence for a first offender that exceeded the presumptive sentence for a second offender where the defendant had recently reached his majority and had an extremely serious juvenile record characterized by offenses which would have been felonies had he committed them while an adult. Our decision in *Austin* was consistent with AS 12.55.-005(2), which requires that courts evaluating sentences pay particular attention to the defendant's criminal record and prospects for rehabilitation, and AS 12.55.-015(b), which requires a sentence of imprisonment where the defendant has a criminal record and prior sentences have failed to deter him. Implicit in our decision in *Austin* was the recognition that a particularly bad juvenile or misdemeanor record characterized by offenses similar to the offense currently under consideration might warrant referral to a three-judge panel. For example where the defendant was subject to presumptive sentencing and the trial court felt that the presumptive sentence was so lenient that if imposed a miscarriage of justice would occur. The same circumstances might warrant imposing on a first offender a sentence in excess of what a second offender subject to presumptive sentencing would receive.

In the absence of substantial evidence in the record of statutory aggravating factors or factors which would arguably justify reference to a three-judge panel, we have never approved a sentence of actual imprisonment for a first offender sentenced under the Revised Code which exceeds the sentence presumed for a second offender under that code. We hesitate to follow a different approach in comparing the presumptive sentence established for first offenders convicted of class A felonies whose conduct is aggravated by the presence of a firearm or serious physical injury to their victim and those first offenders who do not create a risk of or actually cause serious physical injuries to their victims. Therefore, unless a specific offender or the facts of a particular offense are as aggravated or more aggravated than a case involving the use of a firearm or the infliction of serious physical injury, a sentence should ordinarily not exceed six years to serve.

Erhart has no felony record and the trial court did not find that he had a serious juvenile or misdemeanor record. The court aggravated Erhart's sentence because he used a knife and invaded the victim's residence in the nighttime. *Compare* the aggravating factors mentioned in AS 12.55.-155(c)(4) (use of a dangerous instrument) *with* AS 12.55.155(c)(10) (most serious conduct). These factors justify a sentence greater than normal for a first offender convicted of a class A felony. Erhart's use of a knife approaches in seriousness possession or use of a firearm in creating a risk of serious physical injury. The legislature defines serious physical injury as:

"serious physical injury" means physical injury which creates a substantial risk of death .or which causes serious and protracted disfigurement, protracted impairment of health, or protracted loss or im-

pairment of the function of a bodily organ, or physical injury which unlawfully terminates a pregnancy.

AS 11.81.900(49).

■ The trial court gave prominence to Erhart's invasion of his victim's home armed with a knife and his use of it in assaulting her. We agree that this factor, for which Erhart could have been separately charged with burglary, serves to substantially aggravate his offense. We have held that the court should not impose a separate sentence for burglary and also use the burglary as a justification for enhancing a rape sentence. *Juneby v. State,* 641 P.2d 823, 842 (Alaska App.1982). Where a separate sentence is not imposed, a finding supported by substantial evidence that an assailant broke into his victim's house at night armed with a knife and sexually assaulted her justifies substantially increasing a single sentence imposed solely for the sexual assault.

■ Having reviewed the entire record we cannot say that the sentence imposed on Erhart was clearly mistaken. We therefore approve the sentence imposed. *McClain v. State,* 519 P.2d 811 (Alaska 1974).

■ The state relies on the testimony of Ms. "G" and Ms. "T" that Erhart had subjected them to previous sexual assaults. This testimony might also qualify as the kind of information which, if true, might warrant referral to a three-judge panel and therefore justify an aggravated sentence for a first offender. We caution trial judges, however, that in dealing with uncharged crimes as justification for an enhanced sentence, the court must find, by sufficiently verified evidence, that the events occurred under circumstances which would render them criminal. If it finds that the defendant committed the other crimes, it may then determine whether a sentence less than the presumptive sentence for the current crime would constitute a miscarriage of justice. Here the trial court expressly refused to determine whether the prior assaults had in fact occurred and, if they had occurred, the degree of their criminality. We therefore cannot rely on the

testimony of Ms. "G" and Ms. "T" as a basis for approving this sentence.

The judgment of conviction and sentence are AFFIRMED.