Deborah MATHISON, Appellant,

v.

STATE of Alaska, Appellee.

No. A–73.

Court of Appeals of Alaska.

Sept. 21, 1984.

Dan A. Hensley, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

David C. Stewart, Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Deborah Mathison pled no contest to seven counts of second-degree forgery. AS 11.46.505(a)(1). Superior Court Judge Ralph E. Moody sentenced Mathison to five-year terms on each count. The sentences on the first three counts were imposed consecutively; the sentences on the remaining four counts were imposed concurrently with the sentences on the first three counts. Judge Moody suspended twelve years of the fifteen-year sentence. Mathison appeals her sentence as excessive. We agree and reverse.

Forgery in the second degree is a class C felony, punishable by a maximum term of five years. AS 12.55.125(e). The presumptive term for a second felony offender is two years. AS 12.55.125(e)(1). In *Austin v. State*, 627 P.2d 657, 658 (Alaska App.1981), we held that, absent an exceptional case, a first offender should receive a more favorable sentence than the presumptive sentence for a second offender. The primary focus in applying the *Austin* rule is the unsuspended portion of the sentence. *Nashoalook v. State*, 663 P.2d 975, 980 (Alaska App.1983); *Tazruk v. State*, 655 P.2d 788, 789 (Alaska App.1982). Since Mathison was a first felony offender, her unsuspended sentence of three years can be sustained on appeal only if her case is an "exceptional" one. *See Austin* at 658.

The record supports a finding that Mathison's case was exceptional. She was charged with committing seven separate counts of second-degree forgery. Although she does not have any prior felony convictions, she committed three misdemeanors as a juvenile and two misdemeanors as an adult. She also has one probation revocation. Given the number of counts in Mathison's present offense and her past criminal record, we conclude that the imposition of three years to serve does not violate the *Austin* rule.

■ We must next determine whether Mathison's total sentence is clearly mistaken. *See McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974). In assessing Mathison's total sentence of fifteen years with twelve years suspended, we must keep in mind that property crimes are generally considered less severe than violent crimes. The sentence for a first offender committing the type of offense in this case generally should not exceed five years. *See Leuch v. State,* 633 P.2d 1006, 1014 (Alaska 1981) (sentence on remand not to exceed five years for two counts of grand larceny); *Huff v. State,* 598 P.2d 928, 936 (Alaska 1979) (affirming three-year sentences imposed concurrently on each of three counts of embezzlement).

■ While we do not wish to minimize the $3,813.18 lost by the victims in this case, substantially more aggravated facts would be necessary to uphold a sentence similar to the sentence received by Mathison. *Compare Karr v. State,* 686 P.2d 1192, 1195–1196 (Alaska 1984) (affirming sentence of ten years with five suspended for embezzlement of over $356,000 over a three-year period), *and Brezenoff v. State,* 658 P.2d 1359, 1362–63 (Alaska App.1983) (upholding sentence of eight years with four suspended for theft of $141,025 over one-year period), *with Amidon v. State,* 565 P.2d 1248, 1263 (Alaska 1977) (sentences should not exceed one year where first offenders were convicted of embezzlement of $65,000 from one offender's grandmother and most of money returned), *and Fields v. State,* 629 P.2d 46, 53 (Alaska 1981) (vacating a nine-year sentence with four years suspended and holding that the sentence should not exceed six years with three years suspended for fraudulent sale of $25,500 in securities by an offender with no significant prior record). The sentence in this case, three years of incarceration and twelve additional years of suspended time, was imposed for offenses that were neither violent nor aggravated. While we believe that a three-year unsuspended term of imprisonment is justified, we find that imposition of twelve years of suspended time is clearly mistaken. We conclude that Mathison's total sentence should not exceed five years with two years suspended.

The sentence is VACATED, and this case is REMANDED for resentencing.