Patricia R. JUELSON, Appellant,

v.

STATE of Alaska, Appellee.

No. A–2343.

Court of Appeals of Alaska.

Aug. 5, 1988.

William F. Morse, Sen K. Tan, Asst. Public Defenders, and Dana Fabe, Public Defender, Anchorage, for appellant.

David Mannheimer, Cynthia M. Hora, Asst. Attys. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Patricia R. Juelson was convicted, based upon her plea of no contest, of one count of sexual abuse of a minor in the first degree, AS 11.41.434(a)(1), an unclassified felony, and one count of sexual abuse of a minor in the second degree, AS 11.41.436(a)(2), a class B felony. Count I alleged that on or about April 1986 through June 1986, Juelson engaged in sexual penetration with two four-year-old children, K.P. and S.V. Count II alleged that on or about April 1986 through June 1986, Juelson engaged in sexual contact with the same two children. Juelson entered her no contest pleas in front of Superior Court Judge Victor D. Carlson.

As a first felony offender, Juelson faced a presumptive term of eight years on Count I, the unclassified felony. AS 12.55.-125(i)(1). Juelson did not face a presumptive sentence on Count II, the class B felony. The prosecuting attorney and Juelson's attorney agreed that the eight-year presumptive term would be manifestly un-

just. They recommended to Judge Carlson that he refer Juelson's case to the three-judge panel. AS 12.55.165–.175. Judge Carlson found that imposition of the eight-year presumptive term would be manifestly unjust, and referred the case to the three-judge panel. Juelson's attorney told Judge Carlson that he believed that the three-judge panel might refuse to take jurisdiction of the class B felony because that offense did not involve a presumptive sentence. He suggested that the court could either set a status hearing which would take place after the three-judge panel had dealt with the sentence for Count I, or the court could impose a probationary sentence on Count II. Judge Carlson indicated that he would prefer to wait to see what action the three-judge panel took before imposing sentence on Count II.

■ The three-judge panel imposed a sentence of five years' imprisonment with four and one-half years suspended. The three-judge panel appears to have concluded that it did not have jurisdiction to sentence on the class B felony because no presumptive term was involved.[1]

The case was returned to Judge Carlson for sentencing on Count II. Judge Carlson imposed a sentence of five years with two years suspended on Count II, and made that sentence concurrent to the sentence on Count I. Juelson now appeals to this court. We affirm.

■ Juelson first contends that separate convictions and sentences for Counts I and II violate the constitutional guarantee against double jeopardy. *See Horton v.*

1. It appears to us that the three-judge panel may have had jurisdiction to sentence Juelson on Count II, the class B felony. Each of the superior court judges who made up the three-judge panel individually had jurisdiction to sentence Juelson for a felony offense. When the legislature established the presumptive sentencing scheme, it limited the authority of an individual sentencing judge to modify a presumptive sentence. AS 12.55.125. The legislature gave the three-judge panel extensive authority to modify presumptive sentences. AS 12.55.165–.175. Therefore, the three-judge panel has greater authority than an individual superior court judge, but arguably does not have less. Accordingly, the three-judge panel would have authority to

sentence a defendant on any charge which an individual superior court judge could.

Although we feel it is important for us to note this issue, we do not feel that it is appropriate for us to resolve the issue in this case. The issue of the jurisdiction of the three-judge panel to sentence Juelson on Count II was not raised by Juelson either in the trial court or on appeal. It was raised by this court *sua sponte* in oral argument. Even if the three-judge panel did have jurisdiction to sentence Juelson on Count II, we do not believe that the sentencing procedure which occurred in this case can be characterized as being so fundamentally unfair that we should find plain error.

*State,* 758 P.2d 628 (Alaska App.1988). Juelson argues that the sexual contact charged in Count II could have been mere preparation for the sexual penetration charged in Count I. *See Oswald v. State,* 715 P.2d 276 (Alaska App.1986).

█ In Juelson's case, the charges to which Juelson pled were arrived at by an agreement between the state and Juelson. At least two separate acts were involved, because Count I charges sexual penetration with two separate victims. By agreeing to the charges as they now stand, Juelson avoided being charged with two unclassified felonies. Under these circumstances, Juelson has received a benefit from the agreement which she entered into with the state. The underlying facts would support at least two charges of at least as severe a nature as the charges to which Juelson pled. We therefore do not see any double jeopardy problem. Juelson's remedy, if any, would be by motion to withdraw her plea.

█ Juelson points out that it is anomalous that the three-judge panel sentenced her to less time to serve on the unclassified felony than Judge Carlson imposed on the class B felony. Juelson contends that the sentence which the three-judge panel imposed should have constituted an upper limit to the sentence which Judge Carlson imposed. She argues that Judge Carlson's greater sentence on the lesser charge undermined the actions of the three-judge panel.

In the abstract, it is odd that Juelson received a substantially greater sentence for the class B felony than she did for the unclassified felony. At the sentencing in front of Judge Carlson, however, the state presented the testimony of Helen Craig, a psychological counselor from the Langdon Clinic who had worked with Juelson. Craig had worked with Juelson while she was incarcerated at the Meadow Creek Correctional Center in the sex-offender program. Craig indicated that there was a substantial possibility that Juelson would reoffend if she did not complete a sex-offender program and that it would take approximately

three to four years for Juelson to complete treatment while incarcerated. In sentencing Juelson, Judge Carlson concluded that out-patient treatment would not be sufficient to rehabilitate Juelson and to protect the public. He therefore imposed three years to serve so that Juelson would undergo treatment while incarcerated.

Judge Carlson was presented with different information at sentencing than was available to the three-judge panel. He evaluated the cases differently. It is not unusual for a defendant to be sentenced on similar offenses by two different judges and to have the judges evaluate the case and the offender differently. It does not seem to us that there is anything inherently improper in this result. The only question is whether the sentence which resulted was excessive.

█ We therefore turn to Juelson's last contention: the sentence which Judge Carlson imposed was excessive. At the time of sentencing, Juelson was twenty-three years old. She had no prior criminal offenses. There was evidence that Juelson had border-line intellectual functioning and was mildly retarded. In sentencing Juelson, Judge Carlson emphasized that Juelson had admitted abusing a child in a day-care center prior to the time she committed the offenses involving the two children named in the indictment. Juelson was fired from her job in one day-care center. Juelson then obtained employment in the second day-care center where she abused the two children named in the indictment. Judge Carlson also emphasized the testimony of therapist Helen Craig who indicated that Juelson appeared to be a pedophile, and had engaged in repeat behavior. He emphasized Craig's recommendation that Juelson be treated in jail for a period of three to four years.

In *Austin v. State,* 627 P.2d 657 (Alaska App. 1981), we indicated that a first felony offender should not receive more time to serve than the presumptive term for a second felony offender except in an exceptional case. The presumptive sentence for a

second felony offender convicted of a class B felony is four years. Therefore, Juelson's sentence of three years to serve does not violate the *Austin* standard. We conclude that the sentence which Judge Carlson imposed was not clearly mistaken.

The conviction and sentence are AFFIRMED.