**David L. GEER, Jr., Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–2840.**

Court of Appeals of Alaska.

Sept. 1, 1989.

Jacqueline Bressers, Asst. Public Defender, and John B. Salemi, Acting Public Defender, Anchorage, for appellant.

Marcia H. Bissell, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

COATS, Judge.

David L. Geer, Jr., was convicted, based upon his plea of no contest, of sexual abuse of a minor in the second degree, AS 11.41.-436(a)(2), a class B felony. Superior Court Judge Peter A. Michalski sentenced Geer, a first felony offender, to four years with two and one-half years suspended. Judge Michalski placed Geer on probation for a period of five years following his release from confinement. Geer appeals his sentence to this court, arguing that it is excessive. We remand for resentencing.

Geer entered his plea to an information which charged that he had engaged in sexual contact with K.H., a minor, by touching her genitals and breasts. K.H. was Geer's niece. According to the presentence report, K.H. indicated that in December of 1987, while she was at her mother's house, she was sleeping next to Geer. Geer unbuttoned K.H.'s shirt and touched her on the breasts. K.H. also said that Geer had touched her in the vaginal area, but on top of her clothing. K.H. believed that Geer thought that she was asleep during this incident.

Geer was twenty-four at the time of this offense. He had no prior convictions of any kind. Geer had served in the Air Force from 1983 to 1988 as a security policeman, receiving an Honorable Discharge. The

presentence report summarizes Geer's military service by indicating that he had "a distinguished military career." According to the presentence report, Geer's "behavior following the offense appears to have been motivated by concern for his niece and her mother as well as the desire to seek treatment." The presentence report concluded that "Mr. Geer appears to have very good potential for rehabilitation and has conducted himself as responsibly as possible." However, the presentence pointed out that many sexual offenders have deep-seated problems which cause them to reoffend. The presentence report recommended a psychological examination of Geer. In the absence of a psychological examination, the presentence report recommended that Geer be incarcerated for a short period of time and that part of that time be suspended and that Geer be placed under probation for a period of five years. At the sentencing proceeding, the author of the presentence report defined a short period of time as being approximately six months to serve. The mother of the victim in this case wrote a highly favorable letter on behalf of Geer recommending that Geer serve no further time in jail.[1] At the sentencing hearing, the representative of the District Attorney's office concurred with the recommendation of the probation officer.

Sexual abuse of a minor in the second degree is a class B felony. The maximum sentence for a class B felony is ten years. There is a presumptive sentence of four years for a second felony offender, and six years for a third felony offender. AS 12.-55.125(d). In sentencing Geer, Judge Michalski pointed out that under appellate case law he could not impose a sentence in excess of four years, the presumptive sentence for a second felony offender. *Austin v. State*, 627 P.2d 657 (Alaska App. 1981). In his sentencing remarks, Judge Michalski seemed to find that Geer had good prospects for rehabilitation. However, Judge Michalski concluded that it was necessary for him to sentence Geer to four years with two and one-half years suspend-

ed to deter others and to allow additional time for the Division of Corrections to make a thorough psychological and psychiatric evaluation of Geer.

In *State v. Jackson*, 776 P.2d 320 (Alaska App.1989), an opinion which was issued after the sentencing proceedings in this case, we, after reviewing the sentencing of offenders who were convicted of class B felonies, classified the sentences for class B felonies into four distinct sentencing ranges:

1. A typical offender committing a typical or moderately aggravated offense should receive an unsuspended term of a year or more to serve. The upper limit in such cases should be four years, reflecting our decision in *Austin v. State*, 627 P.2d 657, 657–58 (Alaska App.1981). In *Austin*, we indicated that first offenders should normally receive a sentence more lenient than the presumptive term for a second felony offender.

2. For an offense that is exceptionally aggravated—one that involves the existence of significant statutorily specified aggravating factors or other extraordinarily aggravated circumstances—a term of up to six years of unsuspended incarceration, the presumptive term for a third felony offender, would be justified.

3. For a case that is less serious than the norm for the offense, either because it involves mitigated conduct or an offender whose background indicates particularly favorable prospects for rehabilitation, a nonprobationary sentence below the one-year to four-year range for typical offenses will be appropriate. By "nonprobationary," we mean a sentence involving at least ninety days of unsuspended incarceration—in other words, a term that exceeds the sixty-day limit of a sentence involving "shock probation." In such cases, sentencing courts have broad discretion to require that any period of incarceration be served as a condition of a suspended imposition of sentence.

4. A probationary sentence—a term involving less than ninety days of unsus-

---

**1.** As of the date of sentencing, Geer had served approximately seven months in jail.

pended incarceration—should be reserved for cases that are significantly mitigated in terms of both the offender and the offense. When an offense involves mitigated conduct but is committed by an offender who does not show unusually good prospects for rehabilitation, the imposition of a nonprobationary sentence will further the sentencing goals of both community condemnation and personal deterrence. When an offender who has good prospects for rehabilitation commits a crime involving conduct typical for the offense, the seriousness of the conduct and the resulting need to express community condemnation will militate in favor of a nonprobationary sentence. Thus, a probationary sentence will be appropriate only when an offender's conduct is significantly less serious than typical conduct for the offense and only when the offender's prospects for rehabilitation are shown to be significantly better than the typical first offender's conduct.

*Id.* at 326–27 (citations and footnotes omitted).

It appears to us that the offense which Geer committed could properly be classified as "mitigated conduct." It also appears to us that Geer has an excellent argument that he has "particularly favorable prospects for rehabilitation." However, it is the duty of the trial court to find the facts appropriate for sentencing. We conclude that this case should be remanded to Judge Michalski for reconsideration of his sentence and further findings in light of *Jackson.* It also appears that a psychological examination would be of substantial use to the trial court in fashioning a sentence.

The sentence is REMANDED.