Evans AUSTIN, Appellant,

v.

STATE of Alaska, Appellee.

No. 5341.

Court of Appeals of Alaska.

May 7, 1981.

Michael O'Brien, Asst. Public Defender, Juneau, Brian Shortell, Public Defender, Anchorage, for appellant.

Michael J. Stark, Asst. Atty. Gen., and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

## OPINION

PER CURIAM.

Evans Austin pled guilty to a charge of criminal mischief in the second degree in violation of AS 11.46.482(a)(4),[1] a class C felony. He was charged with unlawfully taking a car and causing damage to it in excess of $500. He was sentenced to serve three years and has appealed that sentence to this court.

Austin argues that since this conviction was his first felony offense, that his sentence was excessive because it was greater than the presumptive sentence for a person who had a prior felony.[2] Normally a first offender should receive a more favorable sentence than the presumptive sen-

---

1. AS 11.46.482(a)(4) provides as follows:

    (a) A person commits the crime of criminal mischief in the second degree if, having no right to do so or any reasonable ground to believe he has such a right,

    . . . . .

    (4) he drives, tows away, or takes the propelled vehicle of another and damages the vehicle in an amount of $500 or more or

causes the owner to incur reasonable expenses of $500 or more as a result of the loss of the use of the vehicle.

2. AS 12.55.125(e) provides as follows:

    (e) A defendant convicted of a class C felony may be sentenced to a definite term of imprisonment of not more than five years, and shall be sentenced to the following presump-

tence for a second offender. It is clear this rule should be violated only in an exceptional case. However, it is also clear that the legislature did not intend to say that a first offender could never receive more time to serve than the presumptive sentence for a second offender, since the statute easily could have been written to accomplish that result.

We have concluded Austin's case is one of those exceptional cases where a sentence for a first felony offender can exceed the presumptive sentence for a second offender. The most important factor which supports the sentence which was imposed is the extensive juvenile record of the defendant. Austin was only eighteen at the time of this incident and had not been convicted of a felony as an adult, but he had a long juvenile record which started in 1968 when he was seven years old. The presentence report outlines constant and numerous offenses and probation violations.[3] Also, the report, in its evaluation of Austin, was concerned with the "almost continuous" nature in which offenses were committed.[4] Many of these charges would have been felonies if the defendant had been an adult at the time of the offense.

The circumstances of the offense of unlawfully taking the car were also aggravated. Austin was driving the stolen car when a police officer in a police car attempted to stop him. He accelerated, trying to elude the officer. While attempting to turn a corner he crashed into a parked car. He did considerable damage to three vehicles, including the stolen car. After the collision Austin got out of the car and ran away from the scene on foot.

Given the aggravated nature of the offense and the long juvenile record of the defendant, we conclude the sentence imposed was not clearly mistaken.[5]

The decision of the superior court is therefore AFFIRMED.

---

tive terms, subject to adjustment as provided in AS 12.55.155–12.55.175:
(1) if the offense is a second felony conviction, two years;
(2) if the offense is a third felony conviction, three years.

3. Austin's record is so extensive and involves so many offenses that it is difficult to list them all. According to the presentence report, his record includes several burglaries and theft offenses. Significantly, Austin's record includes five different incidents of joyriding. Austin has been placed in various juvenile institutions and programs as a result of his juvenile offenses. Upon release, his pattern of behavior has been to commit additional offenses. The record also shows Austin was convicted on a charge of criminal trespass in the second degree while he was released pending sentencing on the current charge.

4. AS 12.55.015(b)(3) provides:
(b) The court, in exercising sentencing discretion as provided in this chapter, shall impose a sentence involving imprisonment when . . .
(3) sentences of lesser severity have been repeatedly imposed for substantially similar offenses in the past and have proven ineffective in deterring the defendant from further criminal conduct.

5. *McClain v. State*, 519 P.2d 811 (Alaska 1974).