**Wade K. PARKER, Appellant,**

v.

**STATE of Alaska, Appellee.**

**STATE of Alaska, Appellant,**

v.

**Thane R. HOLM, Appellee.**

**Nos. A–1138, A–1181.**

Court of Appeals of Alaska.

Feb. 7, 1986.

William F. Dewey, Asst. Public Advocate and Brant McGee, Public Advocate, Anchorage, for appellant Parker.

William Ingaldson, Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage and Harold M. Brown, Atty. Gen., Juneau, for appellee State of Alaska.

Lionel Riley, Asst. Public Defender, Dana Fabe, Public Defender, Anchorage, for appellee Holm.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

After being charged as co-defendants with the offense of burglary in the first degree, in violation of AS 11.46.300(a)(1), Wade K. Parker and Thane R. Holm separately entered pleas of no contest and were convicted of the offense. Parker was sentenced by Superior Court Judge Karl Johnstone; Holm was sentenced by Superior Court Judge Rene Gonzalez. Judge Johnstone sentenced Parker to a term of five years' imprisonment, with two and one-half years suspended. In addition, Judge Johnstone ordered Parker to complete a five-year period of probation and to make restitution of approximately $4,300. Judge Gonzalez sentenced Holm to a five-year term of imprisonment but suspended all five years of the term. Judge Gonzalez ordered Holm to be placed on probation for a period of five years. As a special condition of probation, the judge required Holm to successfully complete the Akeela House residential treatment program. Holm was also ordered to pay restitution for the offense. Parker now appeals the sentence imposed upon him by Judge Johnstone, contending that it is excessive. The state appeals the sentence imposed on Holm by Judge Gonzalez, arguing that it is too lenient. We affirm Parker's sentence and approve Holm's sentence.[1]

## THE OFFENSE

At approximately 10:30 on the night of April 7, 1985, Parker and Holm burglarized an Anchorage residence. They knocked and pounded on the front door of the house, attempted to kick in the garage door, and ultimately smashed through a sliding glass door. At the time of the burglary, the house was occupied by Joy Brozovsky. When Brozovsky heard pounding at the front door, she began to come downstairs. When she heard Parker and Holm leave the front door and move around the side of the house to the back of the garage, however, she called the police. Brozovsky heard Parker and Holm as they kicked at the garage door. She then heard the sound of breaking glass. Because there was no lock on the door of the upstairs bedroom, Brozovsky locked herself into the adjoining bathroom. From there, she heard Parker and Holm come upstairs into the bedroom. One of the two men began pounding and kicking at the locked bathroom door. Brozovsky could see the wood on the door bowing and splintering. She heard one of the men say, "Who's in there?" In a subsequent description of the incident, Brozovsky said, "I kind of thought I was gone when they kicked in the bathroom door. I was very, very scared."

Before the door was completely broken down, however, the kicking abruptly stopped. The two men departed, taking various items of personal property as well as some cash from the house. The police apprehended them outside as they attempt-

1. When a lawfully imposed sentence has been appealed by the state on the ground that it is too lenient, this court has no authority to increase the sentence but may only express its approval or disapproval. In this regard, AS 12.55.120(b) provides:

    A sentence of imprisonment lawfully imposed by the superior court may be appealed to the court of appeals by the state on the ground that the sentence is too lenient; however, when a sentence is appealed by the state and the defendant has not appealed the sentence, the court is not authorized to increase the sentence but may express its approval or disapproval of the sentence and its reasons in a written opinion.

ed to leave the scene. Numerous items taken in other recent burglaries were discovered in Parker's car. Parker and Holm were intoxicated at the time of their arrest.

## PARKER'S SENTENCE APPEAL

Parker was twenty-three years old when he committed this offense. His criminal record consists of only two prior DWI convictions. Apparently, Parker has a considerable problem with alcoholism. Despite this problem, however, he has managed to maintain a fairly consistent record of employment.

In evaluating Parker's background, his relative youth, and his problem with alcoholism, Judge Johnstone characterized him as neither a most serious nor least serious offender. Rather, Judge Johnstone found Parker to be "more or less a garden variety burglar with an alcohol problem." In evaluating the seriousness of the crime, however, Judge Johnstone concluded that Parker's conduct was among the most serious within the definition of burglary. Judge Johnstone noted that the offense involved the nighttime burglary of a home that was actually occupied. He also noted the severe emotional trauma suffered by Joy Brozovsky. The judge concluded that it made little difference whether Parker actually knew Brozovsky was in the bathroom, since, under the circumstances, he clearly should have been aware of that possibility.

After a complete consideration of the *Chaney* criteria, Judge Johnstone, relying on the seriousness of the offense, decided that a substantial jail sentence was warranted. He sentenced Parker to serve a term of five years in prison with two and one-half suspended.

Parker's offense was a class B felony. AS 11.46.300(b). It was punishable by a maximum term of ten years' imprisonment. AS 12.55.125(d). The presumptive term for a second felony offender would have been four years. It has long been settled that the sentencing court is primarily responsible for determining the priority to be assigned in individual cases to the various sentencing criteria and that rehabilitation need not always be accorded the highest priority. *Asitonia v. State,* 508 P.2d 1023, 1026 (Alaska 1973). In the present case, we conclude that Judge Johnstone's characterization of the seriousness of Parker's offense was accurate. The extent of damage caused by Parker's crime, the seriousness of the offense itself, and the emotional injuries inflicted upon the victim clearly set this case apart from the type of pure property crime discussed by the Alaska Supreme Court in *Leuch v. State,* 633 P.2d 1006, 1013 (Alaska 1981). *Compare Donlun v. State,* 527 P.2d 472, 474–75 (Alaska 1974) (directing the trial court to impose a total sentence of not more than five years for a nighttime burglary of an occupied home where the defendant was a youthful first offender who suffered from an alcohol problem but had a good prognosis for rehabilitation).

After independently reviewing the entire sentencing record, we conclude that Parker's sentence was not clearly mistaken. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

## THE STATE'S APPEAL OF HOLM'S SENTENCE

Thane Holm was twenty-two years old at the time of this offense. Holm is Wade Parker's younger brother. Holm's prior record includes only one criminal conviction, a conviction for DWI. However, the presentence report indicates two other instances of criminal misconduct for which Holm was not formally convicted. About a year before committing this offense, Holm was placed on a pre-trial diversion program after being accused of selling a small amount of marijuana to an undercover informant. Although the pre-trial diversion program was apparently terminated when Holm changed his residence without securing prior permission, formal prosecution of the case was never resumed. In addition, when he was about fifteen years of age, Holm illegally entered a service station in Idaho and stole some cash, candy and cigarettes. He was apparently adjudicated a delinquent for the offense.

When initially contacted by the police near the scene of his current offense, Holm was extremely intoxicated and combative. After being arrested and transported to the police station, however, Holm fully confessed his role in the crime. Since that time, he has consistently expressed remorse for committing the offense, and, in particular, for the fear that was suffered by Brozovsky, the victim.

There is at least some evidence in the record that, in committing the present offense, Holm was adversely influenced by Parker, his older brother. Holm's behavior, however, appears to be even more directly attributable to his severe and long-standing problem with alcohol and marijuana abuse. Approximately two weeks after his arrest in this case, Holm was released from jail pending trial. The release was conditioned on Holm's enrollment in the Akeela House program. At the time of his sentencing hearing, approximately five months later, Holm continued to reside at Akeela House.

Steven Smith, an Akeela House counselor, was called as a witness at Holm's sentencing hearing and provided extensive testimony concerning the Akeela House program and Holm's progress. Smith testified that, in the five months Holm spent at Akeela House, he had made significant progress and there had been a notable shift in his attitude. Smith described Holm as being self motivated and as having excellent prospects for successfully completing the program. Based in part on the progress he was making at Akeela House, Holm also received a favorable evaluation in his presentence report. The report recommended that a substantial sentence be imposed, but that the sentence be suspended on condition that Holm complete the Akeela House program.

In imposing sentence, Judge Gonzalez noted that the circumstances of the offense were exceptionally serious and would normally warrant the imposition of a substantial term of imprisonment. Judge Gonzalez also noted that, despite Holm's relative youth and his status as a nominal first felony offender, Holm's prior contacts with the law provided ample room for skepticism as to his potential for rehabilitation. Nevertheless, Judge Gonzalez relied strongly on the positive evaluation in the presentence report and on Smith's favorable testimony concerning Holm's progress at Akeela House. After carefully considering the applicable sentencing criteria, Judge Gonzalez decided to give Holm "the benefit of the doubt," by imposing a sentence that emphasized the goal of rehabilitation. Accordingly, the judge imposed a five-year suspended sentence, conditioning the suspension on Holm's successful completion of the Akeela House program.

■ On appeal, the state asserts that this sentence is too lenient because, even though Holm was nominally a first felony offender, his conduct was among the most serious within the definition of burglary. The state insists that, under the circumstances, imposition of a probationary sentence was inappropriate, and a substantial period of incarceration was required.

We agree with the state's assertion that Holm's offense was exceptionally serious and warranted imposition of a sentence involving a substantial period of confinement. However, we disagree with the state's contention that the sentence imposed by Judge Gonzalez was essentially probationary and failed to provide for a substantial period of custody.

In characterizing Holm's sentence as a probationary one, the state neglects to consider the significance of the special condition imposed by the sentencing court. Judge Gonzalez specifically required Holm to successfully complete his course of treatment at Akeela House. The record indicates that Akeela House is a residential program providing long-term therapy for alcohol and drug abuse. Successful completion of Akeela House requires a period of residency lasting approximately one year to eighteen months. During his residency at Akeela House, Holm will not be at liberty. Rather, he will be confined to the premises at Akeela House unless accompanied by authorized personnel and will be

subjected to continuing, twenty-four hour supervision. The stringent supervision received by residents at Akeela House is attested to by the fact that the program has been designated by the Department of Corrections as a minimum security facility for the placement of state prisoners. In fact, the Alaska Supreme Court has previously recognized that the Akeela House program is essentially custodial in nature and has expressly held that a person who has been placed in the Akeela House program as a condition of probation is entitled to receive credit against his sentence for time spent in the program. *See Lock v. State*, 609 P.2d 539, 545 (Alaska 1980).

In assessing the reasonableness of Holm's sentence, it would be unrealistic to ignore the custodial aspect of the special condition requiring successful completion of the Akeela House program. Although the sentence imposed by Judge Gonzalez may, on its face, appear to be essentially probationary, it will actually require Holm to spend a total of approximately one year to eighteen months in a confined setting. The restraints on his liberty will be substantially equivalent to the restraints imposed on other prisoners who are classified by the Department of Corrections to minimum security facilities. Moreover, during the period of one year to eighteen months that Holm spends at Akeela House, he will not be eligible for discretionary parole, nor will he be subject to early release for accumulated good-time credit.

By contrast, Holm's co-defendant, Parker, although serving an unsuspended term of two and one-half years, will accumulate at least one day of "good-time" credit for each three days of time actually served and will be eligible for release on parole after serving one-third of his unsuspended term. *See* AS 33.15.080, 33.15.180(a), 33.20.010. Thus, Holm may ultimately be subject to a longer actual period of custodial supervision than Parker.

Under these circumstances, we find that Holm's sentence incorporates a substantial period of effective custody. Although we think the seriousness of Holm's offense demands that substantial weight be given to the sentencing goals of deterrence and community condemnation, the custodial aspect of the sentence imposed by Judge Gonzalez sufficiently addresses these concerns. The sentence is not clearly mistaken, and it is therefore approved. *See McClain v. State*, 519 P.2d at 813–14.

Parker's sentence is AFFIRMED. Holm's sentence is APPROVED.