**Daryl Dwayne EDWARDS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–1694.**

Court of Appeals of Alaska.

March 13, 1987.

---

Thomas B. Gruenig, Fairbanks, for appellant.

Richard J. Ray, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

After entering a plea of no contest, Daryl Dwayne Edwards was convicted of burglary in the second degree, a class C felony. AS 11.46.310. The offense is punishable by a maximum sentence of five years' imprisonment, with presumptive terms of two and three years for second and subsequent felony offenders. AS 12.55.125(e). Superior Court Judge Gerald J. Van Hoomissen sentenced Edwards, a first felony offender, to a term of five years with two years suspended. The sentence was imposed consecutively to other outstanding sentences accumulated by Edwards. Edwards appeals, contending that his sentence for the burglary is excessive. We affirm.

Edwards' exclusive argument is that his sentence violates the rule in *Austin v.* *State,* 627 P.2d 657, 657–58 (Alaska App. 1981), where we stated: "Normally a first offender should receive a more favorable sentence than the presumptive sentence for a second offender.... [T]he rule should be violated only in an exceptional case." In the present case, we must determine whether Edwards qualifies as an exceptional offender.

The current offense involved the burglary by Edwards and two other individuals of a sporting goods store, from which sixteen handguns and six shotguns were stolen. The property, whose value was in excess of $3,500, was apparently never recovered. Additional property damage totaled approximately $730.

Although only nineteen years of age and nominally a first felony offender at the time of the burglary, Edwards committed a total of eight misdemeanors—ranging from shoplifting to forgery to providing liquor to a minor—in the preceding eighth-month period. In addition, less than two months before committing the burglary in this case, Edwards had been indicted for willfully failing to appear for a sentencing hearing in one of his pending misdemeanor cases. After committing the current offense, Edwards was convicted of the failure to appear charge; the charge was the equivalent of a class C felony. *See* AS 12.30.060(1). He received a sentence of two years, with all but six months suspended for that offense.

Considering Edwards' conduct in committing the present offense in light of his substantial misdemeanor record, the alarmingly short period of time in which he managed to accumulate that record, and the fact that Edwards was apparently on release on another felony charge when he committed the current offense, we believe an exceptional sentence was warranted under the *Austin* rule. Particularly when Edwards' burglary sentence is viewed in conjunction with the relatively mild sentence he received upon his conviction for failure to appear, we cannot say that the

burglary sentence was clearly mistaken. *See Waters v. State,* 483 P.2d 199 (Alaska 1971) (indicating that a sentence which may be too severe standing alone is justified when viewed in conjunction with totality of sentences received by the defendant on all pending charges). *Compare Wood v. State,* 712 P.2d 420, 427 (Alaska App.1986) (calling for a sentence of no more than four years to serve for a youthful first offender convicted of one count of burglary in the first degree and one count of burglary in the second degree).

The sentence is AFFIRMED.