**Sandra L. YOUNG, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–2504/05.**

Court of Appeals of Alaska.

Oct. 14, 1988.

---

Marcia E. Holland, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Mark I. Wood, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Sandra L. Young pled no contest and was convicted of one count of theft in the second degree, AS 11.46.130, and three counts of forgery in the second degree, AS 11.46.-505. Each of these offenses is a class C felony, punishable by a maximum term of five years' imprisonment and presumptive terms, respectively, of two years for a second felony offender and three years for a third felony offender. AS 12.55.125(e). Young is a twenty-nine-year-old first felony offender. The trial court imposed a composite sentence of six years with two years suspended consisting of concurrent segments and consecutive increments. Young appeals, contending that the total sentence is excessive. We agree and reverse.

Young's case is clearly aggravated. She has a number of prior misdemeanor theft convictions, and apparently committed her forgery offenses while facing prosecution for another theft offense. Young then committed a new shoplifting offense while awaiting sentencing for the theft and forgery offenses. In addition, Young had pending at the time of her sentencing an obligation to pay the state $9,275 for welfare fraud, and was under investigation for unsworn falsification in receiving permanent fund dividend checks under false pretenses. The shoplifting charges were also pending. A number of similar charges were dismissed when Young entered pleas to these charges. Young had been convicted of similar offenses in California prior to moving to Alaska. Under these circumstances, the trial court was clearly justified in considering Young's case aggravated and rejecting the presumption of straight probation established in *Leuch v. State*, 633 P.2d 1006, 1013–14 (Alaska 1981). Young's consistent thievery also warranted a composite sentence in excess of the guidelines established in *Austin v. State*, 627 P.2d 657 (Alaska App.1981). In *Austin*, we held that a first offender should normally receive a sentence more lenient than the presumptive term prescribed for a second felony offender convicted of the same crime. *Id.* at 657–58. We have applied a similar rule where a first felony offender is simultaneously sentenced for two or more offenses. Such an offender should normally not receive a total sentence, including consecutive increments, more severe than the presumptive term established for a second felony offender convicted of the most serious of the crimes for which the defendant is being sentenced. *Farmer v. State*, 746 P.2d 1300, 1301–02 (Alaska App.1987).

Nevertheless, Young has never served a substantial period of imprisonment for any of her offenses. Thus, her capacity for deterrence has not been tested. *Skrepich v. State*, 740 P.2d 950, 955–56 (Alaska App.

1987). Even if we assume that Young's conduct in committing these offenses, measured against her background of prior offenses, renders her case more serious than those considered in *Reynolds v. State*, 736 P.2d 1154 (Alaska App.1987) and *Tate v. State*, 711 P.2d 536 (Alaska App.1985), her record does not warrant a sentence of incarceration in excess of the presumptive term for a third felony offender convicted of the most serious of her offenses. The most serious of Young's offenses is a class C felony. A third felony offender convicted of a class C felony is subject to a three-year presumptive term. AS 12.55.-125(e)(2). There is nothing in the record to suggest that a composite sentence of imprisonment, including all consecutive increments, greater than three years is needed to deter this defendant. *See Wood v. State*, 712 P.2d 420, 426 (Alaska App.1986). On the other hand, the trial court could well conclude that some suspended time, in addition to a period of incarceration, was warranted to ensure that Young integrates herself into society as a law-abiding citizen after completing her period of incarceration. Consequently, we reverse Young's sentence and remand for imposition of a total composite sentence for all her offenses not to exceed five years with two years suspended. We are satisfied that any greater sentence would be clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

The sentence of the superior court is REVERSED.[1]

---

1. Young argued that she was required to pay restitution without a determination of her earning capacity. The state agrees and concedes error. On remand, the trial court shall establish Young's earning capacity prior to imposing restitution, and shall ensure that any schedule of payments is consistent with that earning capacity. *Ashton v. State*, 737 P.2d 1365, 1366 (Alaska App.1987).