**John A. LUEPKE, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–2573.**

Court of Appeals of Alaska.

Dec. 23, 1988.

Cynthia Strout, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Susan A. Parkes, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

John A. Luepke pled no contest and was convicted of theft in the second degree, a class C felony, on the theory that he received stolen property. AS 11.46.130(a)(1); AS 11.46.190. The maximum penalty is five years' imprisonment. Presumptive terms are, respectively, 3 years for a third felony offender and two years for a second felony offender. AS 12.55.125(e). Pursuant to an Alaska Criminal Rule 11 plea agreement, Luepke initially received a suspended imposition of sentence for a period of twenty-four months. AS 12.55.085. During this period, the state petitioned to revoke Luepke's probation. The petition alleged that Luepke had been convicted of three misdemeanors during the period of his probation. Luepke's probation was revoked, and he received a sentence of three years' imprisonment. Luepke appeals his sentence. We reverse, and remand for imposition of a sentence not to exceed two years' imprisonment.

On September 1, 1986, Bonnie B. Watson's home was robbed and a walrus ivory bracelet with jade and gold nuggets valued at $2,000 was stolen. On February 14, 1987, Watson reported to the Anchorage police that someone, later identified as Luepke, was attempting to resell the bracelet to her for $850. A meeting was ar-

ranged between Watson's husband and Luepke, and the police were notified of the time and place. Luepke fled when the officers approached, and during his flight, Luepke threw the bracelet into the back of a pickup truck. Luepke resisted arrest when finally overtaken by the officers.

At the time of his arrest, Luepke was twenty-five years old. He had apparently received his general education diploma while incarcerated. Luepke has also served in the United States military, and apparently has been fairly steadily employed. At the time of his initial sentencing, Luepke had a substantial misdemeanor record. Most of Luepke's misdemeanor offenses involve driving with license suspended and resisting arrest. However, he has other convictions for reckless driving, damage to property, assault, and driving while intoxicated. After receiving his suspended imposition of sentence, Luepke was convicted of driving with license suspended, resisting arrest, and petty larceny. These offenses prompted revocation of probation.

Based in part on an updated presentence report, Judge Victor D. Carlson concluded that Luepke refused to take responsibility for his crimes, had trouble being truthful, and was a failure on probation. He therefore imposed a sentence of three years' imprisonment.

## DISCUSSION

The Alaska Supreme Court has suggested that, in the absence of a substantial misdemeanor record, or other aggravating factors, a first felony offender convicted of the equivalent of a class C felony should receive a sentence of probation without incarceration. *Leuch v. State,* 633 P.2d 1006, 1013–14 & n. 22 (Alaska 1981).[1] In *Austin v. State,* 627 P.2d 657, 657–58 (Alaska App. 1981), we considered an aggravated case for which probation, without incarceration, would be inappropriate. We held that a first felony offender should normally receive a sentence more favorable than the presumptive term prescribed for a second

felony offender convicted of the same crime. We noted that sentences exceeding the second offense presumptive term should be reserved for truly exceptional cases. *Id.*

We elaborated on the *Austin* rule in *Brezenoff v. State,* 658 P.2d 1359, 1362 (Alaska App.1983), concluding that first offense prison sentences equaling or exceeding the presumptive term for a second offender should be imposed only when there are circumstances present which would qualify as statutory aggravating factors or which would justify referral to the three-judge sentencing panel if the defendant were subject to presumptive sentencing. *See* AS 12.55.155; AS 12.55.165–.175. In two other cases, we concluded that a first felony offender's prior record of misdemeanor convictions, even if extensive, did not qualify as an extraordinary circumstance warranting imposition of a term exceeding the presumptive term for a second felony offender. *See Reynolds v. State,* 736 P.2d 1154, 1155–56 (Alaska App.1987); *Tate v. State,* 711 P.2d 536, 538–40 (Alaska App.1985).

Where a defendant is initially placed on probation and the state seeks revocation of that probation, the court must follow a two-step procedure. First, it must determine whether one or more conditions of probation have been violated. Second, if conditions have been violated, the court must determine an appropriate disposition. *Holton v. State,* 602 P.2d 1228, 1238–39 (Alaska 1979); *Trumbly v. State,* 515 P.2d 707, 709 (Alaska 1973). Imposition of jail time is not necessarily appropriate simply because the express terms of probation have been violated. *See Soroka v. State,* 598 P.2d 69, 71–72 (Alaska 1979). In fact, even if it is clear from the record that the defendant cannot benefit further from probation, the court may not simply impose all previously suspended time or, in the case of a suspended imposition of sentence, impose a sentence in excess of the *Austin* guidelines. Instead, the court must

---

1. In *Leuch,* the court viewed a probationary sentence as one with sixty days or less of imprisonment. *Leuch,* 633 P.2d at 1014 n. 22. This interpretation of *Leuch* is set out in *West v. State,* 727 P.2d 1, 3 (Alaska App.1986).

carefully reevaluate all currently available information and impose a sentence that would have been appropriate for the original offense had the trial court known the new information at the initial sentencing. *See, e.g., Crouse v. State,* 736 P.2d 783, 786–87 (Alaska App.1987); *Gilbert v. State,* 706 P.2d 345, 347–48 (Alaska App. 1985). Any sentence imposed must be justified in light of the *Chaney* criteria. *See State v. Chaney,* 477 P.2d 441, 443–44 (Alaska 1970).

When we apply these legal principles to the instant case, it becomes clear that the trial court could conclude that Luepke had violated the conditions of his probation and that further probation was not warranted. Nevertheless, Luepke received an excessive sentence. His theft involved property valued at approximately $2,000. Thus, the theft constituted an offense near the lower end of the scale for the offense to which he pled. *Compare* AS 11.46.120 (theft in the first degree—where the stolen property or services exceeds $25,000 in value, the offense is a class B felony) *with* AS 11.46.130 (theft in the second degree—where the stolen property or services exceeds $500 in value, the offense is a class C felony). The trial court found no aggravating factors connected with the offense. As discussed above, even an extensive misdemeanor record cannot constitute the extraordinary circumstances that would render a sentence of two years or less manifestly unjust. *Cf.* AS 12.55.-165–.175. It is true that when Luepke was approached by the police, he fled and resisted arrest, but it does not appear that any officer suffered injury in the affray.

It also appears that Luepke has resisted arrest a number of times when stopped for driving without a license, but in no case was a substantial sentence imposed. In the absence of evidence to the contrary, it would appear that Luepke's resistance has been more bluster than serious violence.

Finally, while Luepke committed a misdemeanor theft while on probation and is currently being sentenced for a felony theft offense, he does not have the history of consistent thievery which led us to permit a composite sentence not to exceed five years with two years suspended for multiple theft-related offenses in *Young v. State,* 762 P.2d 497 (Alaska App.1988). A sentence of three years for Luepke, a first felony offender, which is equal to the presumptive term for a third felony offender, cannot be reconciled with Alaska case law. *See, e.g., Edwards v. State,* 733 P.2d 1063 (Alaska App.1987); *West v. State,* 727 P.2d 1 (Alaska App.1986); *Parker v. State,* 714 P.2d 802 (Alaska App.1986); *Wood v. State,* 712 P.2d 420 (Alaska App.1986); *Tate v. State,* 711 P.2d 536 (Alaska App. 1985).

The sentence of the superior court is VACATED and this case is REMANDED to the trial court for imposition of a sentence not to exceed two years' imprisonment, including all suspended time.