**Jackie F. CHRISMAN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–2998.**

Court of Appeals of Alaska.

March 23, 1990.

Craig S. Howard, Asst. Public Defender and John B. Salemi, Public Defender, Anchorage, for appellant.

Maurice McClure, Assistant District Attorney, Dwayne W. McConnell, Dist. Atty., Anchorage and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

BRYNER, Chief Judge.

Jackie F. Chrisman appeals as excessive a sentence imposed by Superior Court Judge Karl S. Johnstone upon revocation of Chrisman's probation. We affirm.

Chrisman was convicted in 1987 after pleading no contest to two counts of misconduct involving a controlled substance in

the fourth degree (obtaining dilaudid, a schedule 1A controlled substance, by use of a forged prescription). The offenses are class C felonies. Two additional charges against Chrisman were dismissed in return for her plea.

Superior Court Judge S.J. Buckalew, Jr., sentenced Chrisman, a first felony offender, to a total term of four years with all but 180 days suspended. As a condition of probation, Judge Buckalew ordered Chrisman to complete the Akeela House substance abuse treatment program.

Upon release from jail, Chrisman entered Akeela House. She left the program without authorization several days later. As a result, the state petitioned to revoke Chrisman's probation. Despite finding that Chrisman had violated the conditions of her probation, Judge Buckalew allowed her to continue on probation on condition that she enter and complete the Clitheroe Center's Transitional Care Unit. Chrisman was terminated from that program, however, after admitting continued use of opiates.

The state again petitioned to revoke Chrisman's probation. While released on bond pending disposition of the petition, Chrisman was convicted of shoplifting. She appeared before Superior Court Judge Karl S. Johnstone on the petition. Judge Johnstone imposed 90 days of the original suspended sentence and ordered Chrisman to continue on probation.

Shortly after completing her 90–day term and being reinstated to probation, Chrisman failed to submit urine samples for testing and again committed shoplifting. The state petitioned to revoke her probation for a third time.

A disposition hearing was held on the new petition on April 14, 1989, before Judge Johnstone. At the time of the hearing, Chrisman had served slightly less than one year on her original charges. Judge Johnstone revoked Chrisman's probation and sentenced her to serve two additional years of incarceration. Chrisman's total sentence thus amounted to slightly less than three years' imprisonment.

■ On appeal, Chrisman contends that the sentence is excessive for a first felony offender convicted of class C felonies. She notes that under *Austin v. State*, 627 P.2d 657, 657–58 (Alaska App.1981), a sentence more favorable than the two-year presumptive term for a second felony offender would normally be required in the absence of substantial aggravating factors or extraordinary circumstances.

In *Witt v. State*, 725 P.2d 723, 724 (Alaska App.1986), however, this court recognized that, when a history of probation violations establishes a person's poor prospects for rehabilitation, that fact may be deemed an extraordinary circumstance justifying the imposition of a sentence in excess of the *Austin* limits. Nevertheless, the fundamental concern of *Austin*—that first felony offenders not receive harsher treatment than similarly situated second felony offenders—continues to apply when a first offender is sentenced following revocation of probation. *See, e.g., Luepke v. State*, 765 P.2d 988 (Alaska App.1988).

The relevant question in such cases is whether the totality of the circumstances upon revocation of probation would have justified a sentence in excess of the *Austin* limits if known when the original sentence was imposed. *Luepke*, 765 P.2d at 990–91. Before finding that an offender's probation violations justify a total sentence exceeding the applicable presumptive term for a second felony offender, the sentencing court must conclude that the offender's poor conduct on probation, when viewed in conjunction with all of the originally available sentencing information, renders the case even more serious—and therefore deserving of even greater punishment—than the case of a typical second felony offender committing a typical offense of the same class. The sentence ultimately imposed must be justified under the sentencing criteria articulated in *State v. Chaney*, 477 P.2d 441, 443–44 (Alaska 1970). *Luepke*, 765 P.2d at 991.

■ In the present case, before imposing sentence, Judge Johnstone considered not only Chrisman's poor record on probation but also the seriousness of her original

offenses and the lengthy history of drug-related difficulties that led to her original offenses. Based on the totality of the circumstances, Judge Johnstone found that Chrisman posed an ongoing danger to the community: "Not a high-grade menace but a low-grade menace. You're a danger to the public because you commit a lot of violations and commit crimes and you continue taking drugs which leads to this."

Judge Johnstone carefully reviewed the *Chaney* sentencing criteria and concluded that a substantial sentence of imprisonment was necessary to allow Chrisman an opportunity for rehabilitation in a confined setting, to protect the community, to deter Chrisman, and to express community condemnation. While implicitly recognizing that the *Austin* limit would call for a total sentence of less than two years to serve, Judge Johnstone specifically found that Chrisman's poor performance on probation and her continued drug use would have amounted to an exceptional circumstance had they been known at the time of the original sentencing. The judge nevertheless concluded that Chrisman's original offenses were not sufficiently serious to justify imposition of the full remaining period of suspended imprisonment. Accordingly, Judge Johnstone decided to sentence Chrisman to a term of two years in addition to the time that she had previously served.

The procedures followed by Judge Johnstone in imposing Chrisman's sentence comply with the requirements established in *Witt* and *Luepke*. There appears to be nothing particularly mitigated about Chrisman's original offenses. Chrisman was convicted of two offenses involving separate incidents. Moreover, two additional similar counts were dismissed in return for Chrisman's plea. The offenses themselves involved the obtaining of class 1A controlled substances, opiates, by use of forged prescriptions.

At the time of the convictions, Chrisman had a substantial history of misdemeanor convictions. Moreover, as a child, she had been adjudicated a delinquent and had spent substantial periods of time in various institutions. Chrisman also had a long-term problem with drug abuse and had failed in at least one prior attempt to complete the Akeela House program.

In the time since Chrisman's conviction, she has repeatedly violated the conditions of her probation. Chrisman has persisted in using opiates and has continued to violate the law. Despite repeated opportunities for treatment, Chrisman has failed to demonstrate any serious interest in rehabilitation. And despite jail sentences of 90 and 180 days, Chrisman has apparently not been deterred. Even so, Judge Johnstone did not impose the full period of suspended incarceration.

Under the totality of the circumstances, there is ample evidence to support the sentencing court's conclusion that a substantial additional period of incarceration was warranted upon revocation of Chrisman's probation. Having independently reviewed the entire sentencing record, we conclude that the sentence imposed below was not clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

The sentence is AFFIRMED.