**Peter A. GANTNER, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–3187.**

Court of Appeals of Alaska.

April 6, 1990.

William F. Morse, Asst. Public Defender, and John B. Salemi, Public Defender, Anchorage, for appellant.

Lisa B. Nelson, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

COATS, Judge.

Peter A. Gantner was convicted, based upon his plea of no contest, of attempted burglary in the first degree, a class C felony. AS 11.46.300(a)(1); AS 11.31.100(a). On December 16, 1986, Superior Court Judge Victor D. Carlson imposed a suspended sentence of twelve months. In addition, Judge Carlson required as special conditions of probation that Gantner contribute one hundred hours of community service and that he pay $352.33 in restitution. On February 7, 1987, while on probation, Gantner stole a generator from a retail store. The value of the generator was approximately $600. Based upon this incident, Gantner was convicted of theft in the third degree, a class A misdemeanor. AS 11.46.140. Due to this conviction, on July 30, 1987, Judge Carlson extended Gantner's probation for two more years on the attempted burglary charge. On the theft charge, Judge Carlson imposed a sentence of six months with all but one month suspended. He also required Gantner to attend a substance abuse program.

On January 27, 1988, Gantner's probation officer filed another petition to revoke

probation. The petition alleged that Gantner had not entered a substance abuse program and had not reported to his probation officer. In addition, Gantner had been arrested when he was found to have a pistol in his possession. Furthermore, Gantner had been charged with driving without a valid operator's license and had failed to appear at his arraignment on that charge four times. However, based upon the fact that Gantner had entered another drug rehabilitation program and appeared to be making some progress, Gantner's probation officer recommended that Judge Carlson continue the disposition on the petition to revoke probation for a period of six months. Judge Carlson agreed.

On November 4, 1988, the probation officer filed a new petition to revoke probation. Gantner had failed to report to the probation officer in September and October and had been terminated from the drug rehabilitation program because he had failed to appear for testing. In addition, Gantner failed to appear for his disposition hearing. He was ultimately arrested on a bench warrant which the court issued. Judge Carlson found that Gantner had violated the conditions of his probation and imposed a sentence of thirty months on the attempted burglary charge. He imposed this sentence consecutively to the five months which Gantner had remaining to serve on the theft charge. Gantner appeals, arguing that the sentence is excessive. We reverse, concluding that Gantner's sentence on the attempted burglary charge should not have exceeded a total of two years of imprisonment.

Gantner contends that under *Austin v. State*, 627 P.2d 657, 657–58 (Alaska App. 1981), his sentence should not have exceeded two years of imprisonment. In *Austin*, we held that a sentence for a first felony offender should normally be more favorable than the two-year presumptive term for a second felony offender unless the state could show the presence of substantial aggravating factors or extenuating circumstances. In *Chrisman v. State*, 789 P.2d 370, 371–372 (Alaska App.1990), we stated:

Before finding that an offender's probation violations justify a total sentence exceeding the applicable presumptive term for a second felony offender, the sentencing court must conclude that the offender's poor conduct on probation, when viewed in conjunction with all of the originally available sentencing information, renders the case even more serious—and therefore deserving of even greater punishment—than the case of a typical second felony offender committing a typical offense of the same class.

At the time of his original offense, Gantner was a twenty-one year-old first felony offender with no prior convictions. In *Leuch v. State*, 633 P.2d 1006, 1013–14 & n. 22 (Alaska 1981), the Alaska Supreme Court suggested that a first felony offender convicted of a class C felony would normally qualify for a probationary sentence in the absence of a substantial misdemeanor record or other aggravating factors. At the time of his original offense, Gantner qualified for a probationary sentence under *Leuch*. However, Gantner's conduct on probation following his original conviction obviously constitutes a substantial factor which aggravates his case. Gantner's conduct on probation certainly justified Judge Carlson's conclusion that Gantner was unamenable to probationary supervision and that his prospects for rehabilitation were poor. However, even taking these factors into account, Gantner was entitled to be sentenced based upon his original offense. Even considering Gantner's poor performance on probation, we do not believe that his original offense justified a sentence in excess of the presumptive sentence for a second felony offender. In this regard, we believe that Gantner's case is similar to the case of *Luepke v. State*, 765 P.2d 988 (Alaska App.1988), another case where we held that an offender convicted of a class C felony, who had been convicted of three misdemeanors during the period of his probation, should not receive a sentence in excess of two years of imprisonment. We accordingly find the sentence of thirty months which Judge Carlson imposed on the attempted burglary charge to be clearly mistaken. On remand,

the court should impose a sentence not to exceed two years of imprisonment, including credit for any time which Gantner has previously served on the attempted burglary charge.[1]

The sentence is REVERSED.

---

**1.** Our disposition on the attempted burglary conviction does not affect Gantner's sentence on the theft charge. The limit of two years applies only to the attempted burglary conviction.