**Dean KRINER, Jr., Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–3384.**

Court of Appeals of Alaska.

Oct. 5, 1990.

Craig S. Howard, Asst. Public Defender, and John B. Salemi, Public Defender, Anchorage, for appellant.

Stephanie Rhoades, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS, J., and ANDREWS, District Court Judge.*

## OPINION

BRYNER, Chief Judge.

Dean Kriner, Jr., was originally convicted in 1985 of two counts of issuing bad checks. The offenses are class C felonies. At the time, Kriner was a first felony offender. His convictions resulted from a check kiting scheme in which Kriner cashed two worthless checks totaling more than $27,000. Superior Court Judge James A. Hanson suspended the imposition of sentence and placed Kriner on probation.

Kriner's probation was revoked in 1987, after he embezzled more than $4,000 from a nonprofit organization. Judge Hanson sentenced Kriner to consecutive two-year terms and suspended all but one year. Kriner served the unsuspended portion of the sentence and resumed probation. A special condition of his probation precluded Kriner from maintaining any checking account on which he was a signatory.

In 1989, Kriner's probation officer learned that Kriner was a signatory on two checking accounts and that he had written at least two bad checks totaling more than $1,200 on one of the accounts. In addition, Kriner had left Alaska without permission. As a result of these violations, Superior Court Judge Joan M. Katz revoked Kriner's probation. Judge Katz sentenced Kriner to a term of eighteen months' imprisonment. Kriner appeals, contending that the sentence is excessive.

On appeal, Kriner first maintains that the sentencing court lacked sufficient grounds to find that he was unamenable to probationary supervision. Kriner argues that the court therefore erred in finding

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

good cause to revoke his probation. *See generally Trumbly v. State*, 515 P.2d 707, 709–10 (Alaska 1973). This contention is meritless. The record establishes that, after two separate stints on probation, one probation revocation action, and a substantial period of counseling, Kriner has persisted in the same pattern of criminal misconduct that led to his original convictions. Under the circumstances, the sentencing court properly found good cause to revoke probation.

■ Second, Kriner argues that the sentencing court erred in imposing a total sentence exceeding the two-year presumptive term for a second offender convicted of a class C felony. *Austin v. State*, 627 P.2d 657, 657–58 (Alaska App.1981). Kriner points out that he was given one year of unsuspended time when his probation was originally revoked in 1987; with the additional eighteen months imposed by Judge Katz, he will be required to serve a total of two and one-half years' imprisonment. Kriner contends that his case does not warrant a sentence exceeding the *Austin* limit.

■ In imposing sentence upon revocation of probation, however, the sentencing court must consider not only the seriousness of the original offense, but also the nature of the defendant's conduct while on probation and the seriousness of the violation that led to revocation. *Witt v. State*, 725 P.2d 723, 724 (Alaska App.1986); *Luepke v. State*, 765 P.2d 988, 990–91 (Alaska App.1988). "[W]hen a history of probation violations establishes a person's poor prospects for rehabilitation, that fact may be deemed an extraordinary circumstance justifying a sentence in excess of the *Austin* limits." *Chrisman v. State*, 789 P.2d 370, 371 (Alaska App.1990).

This does not mean that a sentence exceeding the *Austin* limits will always—or even often—be justified upon revocation of probation:

> The relevant question in such cases is whether the totality of the circumstances upon revocation of probation would have justified a sentence in excess of the *Austin* limits if known when the original sentence was imposed. Before finding that an offender's probation violations justify a total sentence exceeding the applicable presumptive term for a second felony offender, the sentencing court must conclude that the offender's poor conduct on probation, when viewed in conjunction with all of the originally available sentencing information, renders the case even more serious—and therefore deserving of even greater punishment—than the case of a typical second felony offender committing a typical offense of the same class. The sentence ultimately imposed must be justified under the sentencing criteria articulated in *State v. Chaney*, 477 P.2d 441, 443–44 (Alaska 1970).

*Chrisman* at 371 (citations omitted).

In this case, Judge Katz applied the appropriate analysis in imposing Kriner's sentence. The judge found Kriner's original offenses to be particularly serious. The judge further found that, while on probation, Kriner had engaged in repeated acts of similar, serious criminal misconduct. Based on all of the information available, Judge Katz expressly found exceptional circumstances warranting a term in excess of the *Austin* limit.

Judge Katz's assessment of the seriousness of Kriner's past and present misconduct finds ample support in the record. Having independently reviewed the entire sentencing record, we conclude that the sentence imposed below was not clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

The sentence is AFFIRMED.