Moses ANDREW, Appellant,

v.

STATE of Alaska, Appellee.

No. A–3949.

Court of Appeals of Alaska.

June 30, 1992.

Susan Orlansky, Asst. Public Defender and John B. Salemi, Public Defender, Anchorage, for appellant.

Nancy Simel, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS, J., and HUNT, Superior Court Judge.*

## OPINION

BRYNER, Chief Judge.

This sentence appeal requires us to consider the extent to which the rule of *Austin v. State*, 627 P.2d 657, 657–58 (Alaska App.1981), applies when a first felony offender is sentenced for a probation violation that has been proven by a mere preponderance of the evidence, and not by clear and convincing evidence. In *Austin,* we held that "[n]ormally a first offender should receive a more favorable sentence than the presumptive sentence for a second offender." We indicated that this rule should be deviated from only in exceptional cases. *Id.*

Subsequently, in *Brezenoff v. State*, 658 P.2d 1359, 1362 (Alaska App.1983), we clarified that an "exceptional case" for purposes of the *Austin* rule is one in which

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

there are significant aggravating factors as specified in AS 12.55.155(c), or the kind of extraordinary circumstances that would warrant referral to the three-judge panel, under AS 12.55.165–.175, for enhancement of the presumptive term.[1]

Although we have recognized that factual determinations relating to sentencing decisions are generally governed by the preponderance of the evidence standard, *Brakes v. State*, 796 P.2d 1368, 1372 n. 5 (Alaska App.1990), we have held that, for *Austin* rule purposes, aggravating factors or extraordinary circumstances must be proved by clear and convincing evidence, the same standard that would apply under AS 12.55.155(f) to a presumptive sentencing case. *Buoy v. State*, 818 P.2d 1165 (Alaska App.1991).

*Austin*'s fundamental policy of protecting first offenders against harsher treatment than similarly-situated second offenders continues to apply when a first offender is sentenced for a probation violation. *See, e.g., Luepke v. State*, 765 P.2d 988, 990–91 (Alaska App.1988). In such a case, however, the probation violation itself may be indicative of the offender's poor prospects for rehabilitation; this factor, either alone or in conjunction with other factors, may be deemed an extraordinary circumstance justifying the imposition of a sentence in excess of the *Austin* limits. *Witt v. State*, 725 P.2d 723, 724 (Alaska App. 1986).

Moses Andrew was convicted in 1986 of second-degree robbery, in violation of AS 11.41.510(a)(1). The offense is a class B felony, punishable by up to ten years in prison. AS 11.41.510(b); AS 12.55.125(d). A first offender convicted of a class B felony is not subject to presumptive sentencing; presumptive terms of four and six years are specified for second and subsequent offenders. AS 12.55.125(d). Andrew was a first felony offender. The superior court suspended the imposition of Andrew's sentence and placed him on probation for four years. As a special condition of probation, the court required Andrew to serve nine months in jail.

After serving his nine-month term, Andrew was released on probation. While on probation, Andrew was arrested for a murder alleged to have occurred on November 16, 1988. The state subsequently charged Andrew with first-degree murder and misconduct involving a corpse. The state also petitioned to revoke Andrew's probation on the 1986 robbery; the November 16 murder was included among the probation violations alleged in the petition. Andrew stood trial on his criminal charges before a jury presided over by Superior Court Judge Joan M. Katz. The jury acquitted him.

In a subsequent probation revocation hearing, Judge Katz found that Andrew had violated the conditions of his probation by consuming alcohol, failing to report to his probation officer, and committing the November 16, 1988, homicide. With regard to the homicide, Judge Katz relied primarily on the evidence at trial, concluding that, although there was a reasonable doubt as to whether the crime had been committed by another person, Andrew's guilt had been established by a preponderance of the evidence.[2]

At the disposition hearing on the probation violation, Andrew argued for a total sentence of no more than four years—the

---

**1.** More recently, we have held that, before receiving an exceptional sentence under the *Austin* rule, a first offender is entitled to advance notice of the aggravating factors or extraordinary circumstances to be relied on by the sentencing court. *Wylie v. State*, 797 P.2d 651, 662 (Alaska App.1990); *see also Collins v. State*, 816 P.2d 1383, 1384–85 (Alaska App.1991).

**2.** Prior to the revocation hearing, Andrew moved to dismiss the portion of the petition alleging that he violated the conditions of his probation by committing a homicide. Andrew argued that, in view of his acquittal, revocation

of his probation on that ground was barred by double jeopardy and due process. Judge Katz found Andrew's arguments controlled by the Alaska Supreme Court's decision in *Avery v. State*, 616 P.2d 872 (Alaska 1980), and denied the dismissal motion. In addition to pursuing the sentencing issue addressed in this opinion, Andrew appealed Judge Katz' denial of his motion to dismiss. Upon request by Andrew, we later ordered expedited consideration of his sentencing argument. We will thus address Andrew's double jeopardy and due process claims in a separate decision.

presumptive term for a second offender convicted of second-degree burglary. According to Andrew, the court could not properly rely on his involvement in the November 16, 1988, homicide as a basis for imposing a sentence in excess of the four-year *Austin* limit unless the court's finding was based on clear and convincing evidence. Since the court had found Andrew's guilt to be established only by a preponderance of the evidence, and since no other aggravating factors had been alleged or proved as to the original robbery charge, Andrew reasoned that the *Austin* rule precluded a sentence of more than four years.

Judge Katz rejected Andrew's argument. Finding that it seemed "silly" to apply two differing standards of proof—preponderance of the evidence for purposes of determining whether Andrew violated the conditions of his probation and clear and convincing evidence for purposes of determining whether the violation justified a departure from the *Austin* rule—Judge Katz ruled that Andrew's commission of the homicide could be considered an extraordinary circumstance under *Austin,* even if the homicide had been proven only by a preponderance of the evidence, and not by clear and convincing evidence. Judge Katz went on to rescind Andrew's suspended imposition of sentence and to impose a sentence of ten years with four years suspended.

On appeal, Andrew renews the argument he raised below, contending that Judge Katz erred in concluding that extraordinary circumstances for exceeding the applicable *Austin* limit could be based on conduct established only by a preponderance of the evidence.

■■ As a technical matter, Andrew's argument is correct. Our decision in *Buoy,* 818 P.2d at 1167, makes it clear that, for *Austin* rule purposes, aggravating factors or extraordinary circumstances must be established by clear and convincing evidence. Even though the existence of a probation violation may be established by a preponderance of the evidence, we find nothing anomalous or contradictory about applying

the clear and convincing evidence standard to *Austin* decisions when they occur in the context of probation revocation proceedings.

The use of multiple evidentiary standards in a single proceeding is hardly novel. In a typical criminal case, for example, preliminary factual issues relating to the admissibility of evidence are resolved by the preponderance of evidence standard; the accused's guilt must be established beyond a reasonable doubt; general factual findings relating to sentencing are governed by the preponderance of evidence standard; and findings concerning statutory aggravating and mitigating factors, or extraordinary circumstances warranting referral to the three-judge panel, must be based on clear and convincing proof.

■■ In the context of probation revocation hearings, the court applies the preponderance of the evidence test to decide whether the accused has violated the conditions of probation. Notably, however, proof of a violation does not automatically justify revocation of probation; instead, after determining that a violation has been established, the court must give separate consideration to the issue of whether the violation amounts to good cause for actual revocation. *See Trumbly v. State,* 515 P.2d 707, 709 (Alaska 1973). Just as the court may properly take into account the certainty of proof in deciding whether a probation violation warrants any action at all, so may it consider the relative convincing force of the evidence when it decides, after finding good cause for revocation, how much weight the violation deserves.

■■ As we have already indicated, the core concern of *Austin* continues to apply in probation revocation proceedings. We see no justification for applying a relaxed evidentiary standard for purposes of determining extraordinary circumstances in this context. We thus conclude that, when conduct amounting to a probation violation is the sole basis for a finding of extraordinary circumstances, the conduct should be established by clear and convincing evidence before an exceptional sentence under *Austin* is imposed.

■ We believe it crucial, however, to emphasize the narrow scope of our ruling. The absence of clear and convincing evidence of a probation violation does not automatically bar the court from imposing a sentence exceeding the *Austin* limit or from taking the violation into account in deciding whether an exception to the *Austin* rule should be found; rather, the finding of a violation by a mere preponderance of evidence will rule out an exceptional sentence only when the violation itself provides the exclusive ground for exceeding the *Austin* limit.

It is reasonable to expect that such cases will rarely occur. Our decision in *Chrisman v. State*, 789 P.2d 370 (Alaska App. 1990), supports this conclusion. In *Chrisman*, we explained the relationship between a probation violation and the *Austin* rule as follows:

[W]hen a history of probation violations establishes a person's poor prospects for rehabilitation, that fact may be deemed an extraordinary circumstance justifying the imposition of a sentence in excess of the *Austin* limits....

The relevant question in such cases is whether the totality of the circumstances upon revocation of probation would have justified a sentence in excess of the *Austin* limits if known when the original sentence was imposed. Before finding that an offender's probation violations justify a total sentence exceeding the applicable presumptive term for a second felony offender, the sentencing court must conclude that the offender's poor conduct on probation, when viewed in conjunction with all of the originally available sentencing information, renders the case even more serious—and therefore deserving of even greater punishment—than the case of a typical second felony offender committing a typical offense of the same class.

*Chrisman*, 789 P.2d at 371 (citation omitted).

■ *Chrisman* makes it clear that a probation violation, as such, will seldom be the extraordinary circumstance justifying a departure from the *Austin* limit; instead, the extraordinary circumstance will ordinarily be the defendant's poor prospects for rehabilitation, as shown by the totality of the sentencing record, including the violation. Because the defendant's poor potential for rehabilitation, and not the probation violation itself, is the circumstance justifying an *Austin* rule exception, it is the former, not the latter, that must be established by clear and convincing evidence.

Hence, even when established by a mere preponderance of evidence, a probation violation may be factored together with other evidence concerning the defendant's rehabilitative potential. As long as the totality of the information available to the sentencing court amounts to clear and convincing proof that the defendant's poor potential for rehabilitation "renders the case even more serious—and therefore deserving of even greater punishment—than the case of a typical second felony offender committing a typical offense of the same class," *Chrisman*, 789 P.2d at 371, the court will be justified in imposing a sentence that exceeds the *Austin* limit.

Although Andrew is technically correct in insisting that the clear and convincing evidence standard applies to *Austin* rulings in probation revocation proceedings, *Chrisman* establishes that Andrew is incorrect in asserting that Judge Katz could not exceed the *Austin* limit in this case without finding by clear and convincing evidence that Andrew had committed murder.

■ The record in this case indicates that Judge Katz was aware of our holding in *Chrisman* and that she followed it in imposing Andrew's sentence. Far from basing Andrew's sentence exclusively on his probable commission of the alleged murder, Judge Katz gave careful attention to the entire sentencing record. The judge found Andrew's original offense—second-degree robbery—to have been relatively serious, because it involved conduct verging on first-degree robbery and because Andrew used a firearm in committing the offense. In Judge Katz' view, the seriousness of the original offense would itself have justified a sentence approaching the *Austin* limit.

In addition, Judge Katz took into account the evidence concerning Andrew's conduct on probation and the seriousness of the probation violations that the state had established. The judge was aware that, while on work release during the nine-month term he originally received as a condition of his suspended imposition of sentence, Andrew was convicted of misdemeanor harassment. The circumstances of the offense involved undertones of sexually assaultive conduct. Judge Katz also considered the undisputed evidence establishing that Andrew had violated the conditions of his probation by failing to report to his probation officer and by repeatedly consuming alcohol. The judge expressly observed that Andrew had failed to conquer his drinking problem despite completing a residential treatment program, and that he continued drinking despite assuring his probation officer that he was participating in Alcoholics Anonymous meetings.

With regard to Andrew's consumption of alcohol—a probation violation that Andrew now attempts to minimize—Judge Katz was convinced that, even if someone else committed the alleged murder, Andrew's drinking had been instrumental in allowing the offense to occur. The judge expressly found that, regardless of who actually committed the murder, it would not have occurred if Andrew had not become intoxicated, invited the victim to drink with him, and supplied her with alcohol. For this reason, Judge Katz found that Andrew's use of alcohol was not an insignificant probation violation and that it reflected adversely on his potential for rehabilitation.

In addition to these factors, Judge Katz considered Andrew's probable commission of the alleged murder. This factor, however, was plainly one among many that the judge relied on in determining that Andrew deserved a sentence exceeding the *Austin* limit. In fact, Judge Katz expressly indicated that, under the circumstances, her sentence would not have differed even if she ignored the likelihood that Andrew had committed murder.

Our independent review of the record convinces us that Judge Katz' factual findings are not clearly erroneous, and that the sentence she imposed on the basis of those findings is not clearly mistaken. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

There is nevertheless one respect in which Judge Katz' sentencing decision is problematic. In sentencing Andrew, Judge Katz appears to have begun with the premise that a sentence of up to six years with two years suspended would be permissible for second-degree robbery without any finding of extraordinary circumstances warranting an exceptional sentence under *Austin.* This premise is mistaken. Under *Austin,* absent an express finding of aggravating factors or extraordinary circumstances, an offender should receive "a *more favorable* sentence than the presumptive sentence for a second offender." *Austin,* 627 P.2d at 657–58 (emphasis added). A sentence of six years with two years suspended is not more favorable than the four-year presumptive term that would have applied to Andrew had he been convicted of robbery as a second offender. Thus, under *Austin,* such a sentence would have been proper only in an exceptional case. Because it is uncertain whether or to what extent the sentence Judge Katz ultimately imposed was based on a mistaken interpretation of the applicable *Austin* limits, we believe it necessary to remand for reconsideration on this limited point.

This case is REMANDED for reconsideration in conformity herewith.

MANNHEIMER, J., not participating.