**Eric SIRILO, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–4042.

Court of Appeals of Alaska.

Oct. 30, 1992.

Andrew Haas, Asst. Public Defender, Bethel, and John B. Salemi, Public Defender, Anchorage, for appellant.

Stephen B. Wallace, Asst. Dist. Atty., Ben M. Herren, Dist. Atty., Bethel, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS and MANNHEIMER, JJ.

COATS, Judge.

Eric Sirilo was convicted, based upon his plea of nolo contendere, of misconduct involving a controlled substance in the third degree, a class B felony, and misconduct involving a controlled substance in the fourth degree, a class C felony. AS 11.71.-030(a)(1), AS 11.71.040(a)(2). Sirilo's convictions were for selling two one-half gram slips of cocaine for a total of $100 and selling two ounces of marijuana for a total of $560. Superior Court Judge Gail Fraties sentenced Sirilo to a five-year suspended imposition of sentence. As a condition of probation, Judge Fraties required Sirilo to serve eighteen months of imprisonment.

Following his release from confinement, Sirilo violated his probation numerous times. In essence, Sirilo was either unwilling or unable to stop from smoking marijuana in spite of the fact that the probation authorities made vigorous attempts to require Sirilo to abide by this condition of his probation and to obtain treatment for his drug use. Superior Court Judge Dale O. Curda revoked Sirilo's probation and sentenced him to a total of four years of imprisonment. Sirilo appeals this sentence, arguing that it is excessive. We agree with Sirilo and reverse.

In evaluating Sirilo's sentence, we start our inquiry by analyzing sentencing bench marks which this court and the supreme court have established. Sirilo was a twenty-year-old first felony offender at the time of his first sentencing. He had no prior criminal record.[1] Since Sirilo was a first felony offender whose most serious offense was a class B felony, Judge Curda should have imposed a sentence more favorable than the four-year presumptive sentence which the legislature provides for a second felony offender unless he found that the case was exceptional. *Austin v. State*, 627 P.2d 657, 657–58 (Alaska App. 1981). In sentencing Sirilo, Judge Curda specifically found that the case was not exceptional, but imposed a sentence of four years of imprisonment, a sentence which was equivalent to the presumptive sentence for a second felony offender. In general, this court and the supreme court have found not clearly mistaken sentences of up to two years of actual imprisonment where a first offender engages in small commercial sales of cocaine. *LeDuff v. State*, 618 P.2d 557, 558 (Alaska 1980); *Bush v. State*, 678 P.2d 423, 426 (Alaska App.1984); *Dana v. State*, 623 P.2d 348, 356 (Alaska App. 1981). On the other hand, we have found sentences in excess of six years with two years suspended clearly mistaken for first offenders who engage in relatively large transactions involving cocaine. *Stuart v. State*, 698 P.2d 1218 (Alaska App.1985); *Lausterer v. State*, 693 P.2d 887 (Alaska App.1985).

In *Kriner v. State*, 798 P.2d 359, 361 (Alaska App.1990), we pointed out that:

> In imposing sentence upon revocation of probation, however, the sentencing court must consider not only the seriousness of the original offense, but also the nature of the defendant's conduct while on probation and the seriousness of the violation that led to that revocation.

*See also Chrisman v. State*, 789 P.2d 370, 371 (Alaska App.1990). In the instant case, Sirilo was a young first offender who was convicted for selling small quantities of cocaine and marijuana. At the time of Sirilo's first sentencing, before he had served any time in jail or been on probation, it would be difficult to justify a sentence in excess of four years with two years suspended. This would have been a

---

1. Sirilo had what appears to be a minor record of juvenile offenses. However, these offenses were adjusted informally, and neither Judge Fraties nor Judge Curda gave any weight to Sirilo's prior juvenile record.

substantial sentence in light of the prior appellate decisions for similar offenses.

We must then look at what additional time the court could impose given Sirilo's subsequent violations of probation and his poor performance on probation. In imposing sentence, Judge Curda found that Sirilo was addicted to marijuana, but that there was no evidence that Sirilo continued to sell any drugs. He found that Sirilo had totally failed on probation. We believe that these findings justified Judge Curda in imposing up to an additional year of imprisonment in addition to the two years of imprisonment which would have been justified at Sirilo's original sentencing. We do not believe that it is appropriate, when we consider Sirilo's prior record, age, offense, and conduct on probation, to authorize a sentence of four years of imprisonment which would place him in the same sentencing category as first offenders such as Stuart and Lausterer who sold substantial quantities of cocaine. Accordingly, we conclude that the sentence which Judge Curda imposed of four years of imprisonment is clearly mistaken. We remand to the trial court to impose a sentence not to exceed three years of imprisonment.

The sentence is REVERSED.