**Ralph Lee LEWIS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–4580.**

Court of Appeals of Alaska.

Jan. 22, 1993.

Michael G. Karnavas, Asst. Public Defender, and John B. Salemi, Public Defender, Anchorage, for appellant.

Shannon D. Hanley, Asst. Dist. Atty., Edward E. McNally, Dist. Atty., Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

### OPINION

BRYNER, Chief Judge.

█ Ralph Lee Lewis entered a plea of no contest to a charge of third-degree assault, in violation of AS 11.41.220(a)(2) (recklessly inflicting physical injury with a dangerous instrument). The offense is a

class C felony and is punishable by a maximum term of five years in prison and by presumptive terms of two and three years for second and subsequent felony offenders. As a first felony offender, Lewis was not subject to presumptive sentencing. Superior Court Judge Karen L. Hunt sentenced Lewis to a term of five years with three years suspended. Lewis appeals, contending that the sentence was improperly imposed. We remand for resentencing.

The sentencing court imposed Lewis' term of five years with three years suspended without expressly finding any aggravating factors or extraordinary circumstances applicable to the case. In *Austin v. State*, 627 P.2d 657, 657–58 (Alaska App. 1981), we held that "[n]ormally a first offender should receive a more favorable sentence than the presumptive sentence for a second offender." We indicated that this rule should be deviated from only in exceptional cases. Subsequently, in *Brezenoff v. State*, 658 P.2d 1359, 1362 (Alaska App. 1983), we clarified that an "exceptional case" for purposes of the *Austin* rule is one in which there are significant aggravating factors as specified in AS 12.55.155(c), or the kind of extraordinary circumstances that would warrant referral to the three-judge panel, under AS 12.55.165.175, for enhancement of the presumptive term.

Here, the sentencing court acted on the premise that no finding of aggravating factors or extraordinary circumstances was necessary under the *Austin* rule unless the unsuspended portion of Lewis' sentence exceeded the presumptive term for a second felony offender convicted of a class C felony—two years. Accordingly, in sentencing Lewis to a term of five years with three years suspended, the court believed that it was imposing a sentence within the *Austin* limit for a non-exceptional case.

However, *Austin* does more than prohibit first-offense sentences from exceeding the second-offense presumptive term: the rule requires that a first offender ordinarily "should receive a *more favorable* sentence than the presumptive sentence for a second offender." *Austin*, 627 P.2d at 657–58 (emphasis added). *See also An-*drew *v. State*, 835 P.2d 1251, 1256 (Alaska App.1992). The unsuspended portion of Lewis' sentence is equivalent to the two-year presumptive term for a second felony offender who is convicted of a class C felony; it is not more favorable.

Moreover, although we have held that the primary focus in determining whether a sentence violates *Austin* is on the length of unsuspended imprisonment included in the sentence, *see Tazruk v. State*, 655 P.2d 788, 789 (Alaska App.1982), we have never indicated that suspended time may be disregarded entirely for purposes of applying the *Austin* rule. *Cf. Leuch v. State*, 633 P.2d 1006, 1010 (Alaska 1981) (although suspended time is not the equivalent of unsuspended time, it cannot be ignored entirely for purposes of determining whether a sentence is excessive).

Here, when Lewis' unsuspended two-year term is taken in conjunction with his additional three years of suspended time, his total sentence is unquestionably more severe than the presumptive term for a second offender. *See Buoy v. State*, 818 P.2d 1165, 1166 (Alaska App.1991). Under *Austin*, this sentence could not properly be imposed without an express finding that it was exceptional—that is, without a finding of aggravating factors or extraordinary circumstances so substantial as to warrant the conclusion that Lewis deserved to be punished even more harshly than a typical second felony offender who is convicted of a typical class C felony.

Because the sentencing court exceeded the normal *Austin* limit without the requisite finding that Lewis' case was exceptional, we must remand for resentencing. Upon remand, if the state seeks or the court contemplates the imposition of a sentence exceeding the applicable *Austin* limit, Lewis should be given advance notice of that fact, as well as notice of the proposed aggravating factors or extraordinary circumstances to be relied on. *Wylie v. State*, 797 P.2d 651, 662 (Alaska App.1990); *see also Collins v. State*, 816 P.2d 1383, 1384–85 (Alaska App.1991). Lewis should then be allowed the opportunity to dispute the proposed aggravating factors, and, in

the event they are established by clear and convincing evidence,[1] he should be allowed the opportunity to argue their significance, for sentencing purposes, in relation to other comparably aggravated cases. *See* AS 12.55.005(1).

This case is REMANDED for resentencing.

---

1. Although we have recognized that factual determinations relating to sentencing decisions are generally governed by the preponderance of the evidence standard, *Brakes v. State*, 796 P.2d 1368, 1372 n. 5 (Alaska App.1990), we have held that, for *Austin* rule purposes, aggravating factors or extraordinary circumstances must be proved by clear and convincing evidence, the same standard that would apply under AS 12.-55.155(f) to a presumptive sentencing case. *Buoy v. State*, 818 P.2d 1165 (Alaska App.1991).