**Mickey Jason SPLAIN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–6017.**

Court of Appeals of Alaska.

Oct. 4, 1996.

Frederic E. Brown, Fairbanks, for Appellant.

Bill D. Murphree, Assistant District Attorney, Harry L. Davis, District Attorney, Fairbanks, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

BRYNER, Chief Judge.

Mickey Jason Splain was driving while intoxicated and collided with another car, causing serious physical injuries to its two occupants, as well as substantial—though less serious—injuries to himself and his own passenger. As a result of the incident, Splain was charged with two counts of first-degree assault in violation of AS 11.41.200(a)(1)(recklessly causing serious physical injury to another person by means of a dangerous instrument), one count of third-degree assault in violation of former AS 11.41.220(a)(2) (recklessly causing physical injury to another person by means of a dangerous instrument), and one count of driving while intoxicated (DWI) in violation of AS 28.35.030(a).

Pursuant to a plea bargain, Splain eventually pled no contest to the third-degree assault charge and to two reduced charges of second-degree assault in violation of AS 11.41.210(a)(2) (recklessly causing serious physical injury to another person). In return, the state dismissed the first-degree assault and DWI charges.

Second-degree assault is a class B felony, punishable by a maximum term of ten years' imprisonment and by presumptive terms of four and six years for second and subsequent felony offenders. AS 11.41.210(b); AS 12.55.125(d). Third-degree assault is a class C felony, punishable by a maximum of five years' imprisonment and by presumptive terms of two and three years for second and subsequent felony offenders. AS 11.41.220(d); AS 12.55.125(e). Splain had no prior criminal convictions and was not subject to presumptive sentencing.

Superior Court Judge Niesje J. Steinkruger sentenced Splain to consecutive terms of four years with one year suspended and one year with six months suspended for the second-degree assaults and to a concurrent term of one year with nine months suspended for the third-degree assault; Splain's composite term is thus five years with one and one-half years suspended. Splain appeals, contending that the sentence is excessive. We affirm.

Splain first contends that the total length of his composite sentence—five years—is less favorable than the four-year presumptive term for a first felony offender convicted of a class B felony. Splain argues that, for this reason, the composite sentence violates *Austin v. State*, 627 P.2d 657, 657–58 (Alaska App.1981) (holding that a first offender should normally receive a sentence more favorable than the presumptive term for a second felony offender).

▪ For purposes of applying the rule of *Austin*, however, we look primarily to the unsuspended portion of a sentence. *Tazruk v. State*, 655 P.2d 788, 789 (Alaska App.1982). Here, Splain received a total of three years and six months of unsuspended incarceration, six months less than the four-year presumptive term for a second class B felon. When realistically viewed, Splain's total term of five years with one and one-half years suspended is decidedly more favorable than a presumptive four-year term of unsuspended incarceration. The composite term does not violate *Austin*.[1]

---

1. Splain's reliance on *Lewis v. State*, 845 P.2d 447 (Alaska App.1993), is mistaken. In *Lewis* we considered a first-offense class C felony in which a sentence of five years with three years suspended had been imposed. We concluded that the two-year unsuspended portion of the sentence was equivalent to, not more favorable than, the two-year second-offense presumptive term for a class C felony; accordingly, we found that the unsuspended portion of the sentence in itself

■ In any event, the *Austin* rule applies to sentences imposed for individual offenses. Each of Splain's individual sentences is plainly more favorable than the corresponding second-offense presumptive term. Splain's composite term is properly subject, not to the *Austin* rule, but to the rule announced in *Farmer v. State*, 746 P.2d 1300, 1301 (Alaska App.1987): "When an offender is convicted of multiple crimes, the presumptive term for the most serious crime [is] a benchmark that is not to be exceeded without good reason."

■ In electing to impose consecutive terms totaling five years with one and one-half years suspended, Judge Steinkruger expressly found "that some consecutive time is appropriate in this case because of the seriousness of the offense, harm to three people, to reflect society's interest in the number of victims, and [to make it clear] that you don't get any two-for-one or three-for-one results in sentencing when [multiple] people are injured[.]" This finding comports with the requirement of *Farmer*.

Splain also contends that Judge Steinkruger's sentencing decision may have been unduly influenced by the unusually eloquent and emotional statements submitted to the sentencing court by and in support of Splain's victims. Our review of the entire sentencing record, however, discloses no suggestion of undue influence.

■ The composite sentence Judge Steinkruger imposed is squarely within the benchmark range for a typical first offender convicted of a typical to moderately aggravated class B felony. *See State v. Jackson*, 776 P.2d 320, 326 (Alaska App.1989). In imposing sentence, Judge Steinkruger found that, despite his excellent background and undeniably favorable prospects for rehabilitation, Splain was a typical first offender. This determination was not clearly erroneous. *See Bossie v. State*, 835 P.2d 1257, 1259–60 (Alaska App.1992). Judge Steinkruger also

marginally violated the *Austin* rule. We then went on to observe that the total term, which included an additional three years of suspended incarceration, was unquestionably more severe than the second-offense presumptive term and thus amounted to a substantial *Austin* violation.

concluded that Splain's conduct constituted a moderately aggravated first-offense class B felony. Again, this determination was not clearly erroneous. *See Benboe v. State*, 698 P.2d 1230, 1232 (Alaska App.1985).

Having independently reviewed the entire sentencing record, we conclude that the sentence imposed below is not clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974). Accordingly, we AFFIRM.

Nothing in *Lewis* suggests that a sentence such as Splain's—whose unsuspended term falls significantly below the presumptive term for a second offender and whose total term exceeds the presumptive term only when suspended time is considered—would constitute an *Austin* violation.