Craig A. SORENSON, Appellant,

v.

STATE of Alaska, Appellee.

No. A–6217.

Court of Appeals of Alaska.

May 9, 1997.

Craig Howard, Assistant Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

David R. Wallace, Assistant District Attorney, Kenneth J. Goldman, District Attorney, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

### OPINION

BRYNER, Chief Judge.

Craig A. Sorenson pled no contest to a charge of criminally negligent homicide and a charge of driving while intoxicated. AS 11.41.130; AS 28.35.030(a)(1) & (2). Criminally negligent homicide is a class C felony. AS 11.41.130(b). As such, it is punishable by a maximum term of five years and by a second-offense presumptive term of two years. AS 12.55.125(e). DWI is a class A misdemeanor punishable by a maximum term of one year. AS 28.35.030(b); AS 12.55.135(a).

Sorenson is a first felony offender. The state alleged no aggravating factors, AS 12.55.155(c), or extraordinary circumstances, AS 12.55.165, applicable to Sorenson's case. At the sentencing hearing, Sorenson cited the *Austin* rule.[1] Sorenson argued that, in the absence of aggravating factors or extraordinary circumstances, *Austin* barred the sentencing court from exceeding the two-year second offender presumptive term for his criminally negligent homicide charge. Sorenson maintained that it would therefore be improper for the court to impose a two-year unsuspended term with additional suspended incarceration.

In response, however, the prosecutor argued that the *Austin* rule addressed only unsuspended incarceration. Thus, the prosecutor maintained that, even without aggravating factors, the court was free to impose suspended incarceration in addition to a two-year unsuspended term. Superior Court Judge Milton M. Souter was evidently persuaded by the state's argument: without

---

**1.** *Austin v. State,* 627 P.2d 657, 657–58 (Alaska App.1981) (first felony offender should ordinarily receive a more favorable sentence than the pre-

sumptive term for a second felony offender convicted of the same class of crime).

making any formal finding of aggravating factors or extraordinary circumstances, the judge sentenced Sorenson to a term of five years with three years suspended for criminally negligent homicide.[2]

Sorenson appeals, contending that his sentence for criminally negligent homicide violated the *Austin* rule and was therefore improperly imposed. The state concedes error. We find the concession to be well founded.

*Austin* requires that a first offender ordinarily "should receive a more favorable sentence than the presumptive term for a second offender." 627 P.2d at 657–58; *see also Andrew v. State*, 835 P.2d 1251, 1252–53 (Alaska App.1992). We have construed *Austin* to require formal notice and findings of statutory aggravating factors or non-statutory extraordinary circumstances before a first offense term exceeding the *Austin* limit could be imposed. *Wylie v. State*, 797 P.2d 651, 662 (Alaska App.1990); *see also Collins v. State*, 816 P.2d 1383, 1384–85 (Alaska App. 1991).

Here, the sentence of five years with three years suspended that Sorenson received as a first felony offender for criminally negligent homicide is plainly more serious than the two-year presumptive term that would have applied had he been a second felony offender. *See Lewis v. State*, 845 P.2d 447, 448 (Alaska App.1993). The imposition of this sentence was therefore improper absent prior notice and a finding of a substantial aggravating factor or extraordinary circumstances warranting harsher treatment of Sorenson than he would have been subject to as a second felony offender. *Id.* Although Judge Souter's sentencing remarks indicate that he viewed Sorenson's case to be relatively serious, the state alleged no aggravating factors or extraordinary circumstances and Judge Souter found none.

If Sorenson had previously been convicted of a felony, the sentencing court could not have sentenced him to a term of five years with three years suspended unless it formally found the existence of aggravating factors or extraordinary circumstances. If the sentence Sorenson received as a first felony

offender were permissible without a comparable finding, then he would in effect be penalized for not having previously been convicted of another felony.

 Because the challenged sentence violates the *Austin* rule, we must remand for resentencing. Upon remand, if the state seeks or the court contemplates imposing a sentence exceeding the *Austin* limit, Sorenson must receive advance notice of proposed aggravating factors or extraordinary circumstances, and he must be given an opportunity to respond. *Lewis*, 845 P.2d at 448–49. The sentencing court's findings on these issues will be governed by the clear and convincing evidence standard. *Id.*

We REMAND this case for resentencing.

---

**2.** Judge Souter imposed a concurrent term of six    months for DWI.