**STATE of Alaska, Petitioner,**

v.

**Stephanie L. GIBBS, Respondent.**

**No. A–8953.**

Court of Appeals of Alaska.

Jan. 5, 2005.

Rehearing Denied Jan. 28, 2005.

---

40. Anchorage Charter article II.

41. *Id.*

Diane L. Wendlandt, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for Petitioner.

Leslie A. Hiebert, Assistant Public Advocate, and Joshua Fink, Public Advocate, Office of Public Advocacy, Anchorage, for Respondent.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

### OPINION

COATS, Chief Judge.

This case presents the issue of whether the United States Supreme Court's recent decision in *Blakely v. Washington*[1] affects the sentencing of first felony offenders convicted of class B and class C felonies—that is, felony offenders who are not subject to a presumptive term under Alaska's presumptive sentencing laws.

AS 12.55.125(k)(2) provides that when a first felony offender is "convicted of an offense for which a presumptive term of imprisonment is not specified"—that is, a class B or class C felony—the offender "may not be sentenced to a term of unsuspended imprisonment that exceeds the presumptive term for a second felony offender convicted of the same crime" unless the sentencing court finds one or more of the aggravating factors listed in AS 12.55.155(c) or "extraordinary circumstances" as defined in AS 12.55.165. The converse of this rule is that, for first felony offenders convicted of class B or class C felonies, no special finding is needed to justify a sentence of imprisonment if

the unsuspended portion of that sentence does not exceed the applicable presumptive term for second felony offenders—4 years to serve, in the case of defendants convicted of class B felonies, or 2 years to serve, in the case of defendants convicted of class C felonies.[2]

The defendant in the present case, Stephanie L. Gibbs, is a first felony offender who pleaded no contest to second-degree assault, a class B felony. She received a sentence of 6 years' imprisonment with 3 years suspended—*i.e.*, a sentence of 3 unsuspended years to serve. The superior court ruled that this sentence is invalid under *Blakely* because Gibbs's total sentence of imprisonment—the unsuspended portion *plus* the suspended portion—exceeds the 4-year presumptive term that would apply to a second felony offender, and because Gibbs conceded no aggravating factors when she entered her no contest plea.

For the reasons explained here, we conclude that the rule announced in *Blakely* does not affect the validity of Gibbs's sentence—nor of any other sentence imposed on a first felony offender under AS 12.55.125(k)(2), as long as the unsuspended portion of the defendant's term of imprisonment does not exceed the presumptive term that would apply to a second felony offender convicted of the same offense.

### Factual and procedural background

Gibbs pleaded no contest to one count of assault in the second degree, a class B felony.[3] Gibbs was a first felony offender, and her sentencing was therefore governed by AS 12.55.125(k)(2).

The sentencing judge, Superior Court Judge Larry D. Card, found that the State had proved one aggravating factor—that Gibbs knew or should have known that the victim of her offense was particularly vulnerable.[4] As we explained earlier, under AS 12.55.125(k)(2), this finding gave Judge Card the authority to sentence Gibbs to an unsuspended term of imprisonment longer than 4

---

1. —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

2. AS 12.55.125(d) and (e).

3. AS 11.41.210(a)(2).

4. AS 12.55.155(c)(5).

years (the presumptive term that applies to second felony offenders convicted of the same offense). However, Judge Card did not exercise this authority. Instead, he sentenced Gibbs to only a 3–year unsuspended term. (Gibbs was sentenced to 6 years with 3 years suspended.)

Gibbs appealed her sentence, arguing that Judge Card erred when he found aggravating factor (c)(5). This court concluded that the record supported Judge Card's finding, but we also pointed out that this issue was moot—because Judge Card "did not need to find an aggravating factor to impose a sentence of actual incarceration of less than 4 years of imprisonment."[5] Gibbs's sentence of 3 years to serve was less than the 4–year presumptive term for second felony offenders and thus, under AS 12.55.125(k)(2), this sentence could be imposed without proof of any aggravating factor.

Following our decision of her appeal, Gibbs sought correction of her sentence through Alaska Criminal Rule 35(a), arguing that her sentence was illegal under *Blakely*. Gibbs asserted that her sentence was invalid under *Blakely* because her *total* term of imprisonment—her 3 years to serve, plus the 3 years of suspended jail time—exceeded the 4–year presumptive term for a second felony offender (and because no jury had found any aggravating factors, nor had Gibbs conceded any).

Judge Card agreed with Gibbs that her sentence was illegal under *Blakely*. The judge concluded that Gibbs had to be resentenced and that, on resentencing, Gibbs's total term of imprisonment—her unsuspended time plus her suspended time—could total no more than 4 years. The State then petitioned us to review this decision.

*Why we conclude that the Blakely decision does not affect the sentencing of first felony offenders under AS 12.55.125(k)(2)*

In *Apprendi v. New Jersey*,[6] the United States Supreme Court held that, with the exception of a defendant's prior convictions, "any [disputed] fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[7] In *Blakely*, the Supreme Court clarified that, for purposes of *Apprendi*, the "statutory maximum" is the maximum term of imprisonment that a judge may lawfully impose "*solely on the basis of the facts reflected in a jury verdict or admitted by the defendant.*"[8]

As explained above, AS 12.55.125(k)(2) places a maximum limit on the unsuspended jail time that may be imposed on a first felony offender convicted of a class B or class C felony, absent proof of one or more of the aggravating factors listed in AS 12.55.155(c) or proof of extraordinary circumstances under AS 12.55.165. In Gibbs's case, that limit was 4 years of unsuspended jail time (because Gibbs pled no contest to second-degree assault, a class B felony, and because the presumptive term for second felony offenders convicted of a class B felony is 4 years).

But Gibbs's sentence did not exceed this limit. In fact, her term of unsuspended imprisonment—her sentence of 3 years to serve—was considerably less than the 4–year limit. Judge Card could impose this sentence based solely on Gibbs's no contest plea—*i.e.*, her agreement that the court should find her guilty of second-degree assault.

Judge Card granted Gibbs's motion to correct her sentence because he concluded that the *Blakely* decision limited the *total* term of imprisonment (both time to serve and suspended time) that Gibbs could receive. This conclusion is mistaken: AS 12.55.125(k)(2) does not set a ceiling on a defendant's total sentence of imprisonment, but only on the "time to serve" component of that sentence. By its wording, the statute limits the "term of *unsuspended imprisonment*" that can be imposed on a first felony offender convicted

**5.** *Gibbs v. State*, Alaska App. Memorandum Opinion and Judgment No. 4889 at 4 (June 30, 2004), 2004 WL 1475379 at *2.

**6.** 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

**7.** *Id.* at 490, 120 S.Ct. at 2362–63.

**8.** *Blakely*, —— U.S. at ——, 124 S.Ct. at 2537 (citations omitted) (emphasis in original).

of a class B or class C felony.[9] The statute does not purport to limit a sentencing judge's authority to impose suspended jail time on top of the defendant's "time to serve."

We squarely held in *Cook v. State*,[10] that this statute was intended to codify the sentencing rule for first felony offenders that we had earlier adopted (as a matter of common law) in *Austin v. State*[11] and *Tazruk v. State*.[12] In *Austin*, we held that first felony offenders should ordinarily receive more favorable sentences than the presumptive term established by the legislature for second felony offenders convicted of the same crime.[13] But in *Tazruk*, we clarified that our *Austin* rule focused primarily on a defendant's time to serve—that if a defendant received less time to serve than the applicable presumptive term for a second felony offender, the defendant's sentence complied with *Austin* even though the defendant's *total* sentence (*i.e.*, the combination of unsuspended jail time and suspended jail time) exceeded a second felony offender's presumptive term.[14]

In *Cook*, we reviewed this history and concluded that AS 12.55.125(k)(2) was intended to codify the *Austin–Tazruk* restriction on the *unsuspended* jail time that could be imposed on first felony offenders.[15] We expressly upheld Cook's sentence because his time to serve—16 months—was less than the applicable 2–year presumptive term for second felony offenders convicted of a class C felony, even though Cook received an additional 16 months of suspended jail time.[16]

Thus, under AS 12.55.125(k)(2), Gibbs could properly be sentenced to 3 years to serve and an additional 3 years suspended even without proof of aggravating factors or extraordinary circumstances. And for this reason, the United States Supreme Court's decision in *Blakely* does not affect the legality of Gibbs's sentence. Judge Card was mistaken when he ruled otherwise.

Gibbs argues that, in the event that she violates her probation, and her probation is revoked, and she is sentenced to more than 1 year of additional imprisonment, her sentence would violate *Blakely* because, under AS 12.55.125(k)(2), such a sentence would have to be based on facts not reflected in her plea. Gibbs argues that, based on this possibility, we should declare her present sentence illegal.

But the issue that Gibbs raises is purely hypothetical; it is not ripe for decision. Whatever may be the merits of Gibbs's argument regarding that future possibility, it does not alter the legality of her present sentence. We accordingly do not decide what effect the *Blakely* decision might have on any future proceedings to revoke Gibbs's probation.

*Conclusion*

For the reasons explained here, we conclude that the legality of Gibbs's sentence is not affected by the United States Supreme Court's decision in *Blakely*. Because Gibbs's sentence is legal as originally imposed, the superior court should not have granted Gibbs's motion to "correct" that purportedly illegal sentence. We therefore REVERSE the decision of the superior court.

---

9. Emphasis added.

10. 36 P.3d 710, 730 (Alaska App.2001).

11. 627 P.2d 657 (Alaska App.1981).

12. 655 P.2d 788 (Alaska App.1982).

13. *Austin,* 627 P.2d at 657–58.

14. *Tazruk,* 655 P.2d at 789.

15. *Cook,* 36 P.3d at 730.

