**STATE of Alaska, Petitioner,**

v.

**Stephanie GIBBS, Respondent.**

**No. A–08953.**

Court of Appeals of Alaska.

Jan. 28, 2005.

Before: COATS, Chief Judge, and MANNHEIMER, and STEWART, Judges.

16.  *Id.*

**Order**

Upon consideration of Gibbs's petition for rehearing,

IT IS ORDERED that the petition for rehearing is DENIED.

Entered at the direction of the Court, with Judge MANNHEIMER concurring.

MANNHEIMER, Judge, concurring.

This case raises the issue of whether, under Alaska sentencing law, one or more aggravating factors must be proved before a judge has the authority to sentence a first felony offender to a *total* term of imprisonment—time to serve *plus* suspended time—that exceeds the presumptive term for a second felony offender convicted of the same offense.

As we explained in our opinion in this case, *State v. Gibbs,* Alaska App. Opinion No.1966, 105 P.3d 145, 2005 WL 32081 (January 5, 2005), we have repeatedly and consistently construed Alaska's sentencing statutes as authorizing such a sentence, even in the absence of aggravating factors, so long as the time-to-serve component of the defendant's sentence does not exceed the presumptive term for a second felony offender.

In her petition for rehearing, Gibbs points out that we have also held that aggravating factors *are* required if the defendant's time to serve *equals* the presumptive term for a second felony offender *and* the defendant receives additional suspended time. *See Sorenson v. State,* 938 P.2d 1084, 1085 (Alaska App.1997); *Lewis v. State,* 845 P.2d 447, 448 (Alaska App.1993).

But Gibbs did not receive that kind of sentence. Gibbs received 3 years to serve—one year less than the 4–year presumptive term for second felony offenders convicted of the same offense. Her case is therefore governed by the normal sentencing rule explained in our decision—the rule that a defendant can receive additional suspended time, even in the absence of aggravating factors, so long as the defendant's time to serve is less than the presumptive term for second felony offenders.