Ronald J. PELTOLA, Appellant,

v.

STATE of Alaska, Appellee.

No. A–8925.

Court of Appeals of Alaska.

July 22, 2005.

Myron Angstman, Angstman Law Office, Bethel, for Appellant.

W.H. Hawley, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Scott J. Nordstrand, Acting Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

COATS, Chief Judge.

We are again confronted with the issue of the effect the United States Supreme Court's recent decision in *Blakely v. Washington*[1] has on the sentencing of first-felony offenders convicted of class B and C felonies. These offenders are not subject to a presumptive term under Alaska's presumptive sentencing laws.

Peltola entered into a plea agreement where he pled no contest to a consolidated bootlegging charge which encompassed several charges that he illegally sold alcohol without a license in an area where this was prohibited.[2] Bootlegging is a class C felony. Peltola was a first-felony offender. He

---

1.  542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

2.  AS 04.11.010(a).

therefore was not subject to a presumptive term of imprisonment.[3]

Alaska Statute 12.55.125(k)(2) provides that when a first-felony offender is not subject to a presumptive term of imprisonment that offender "may not be sentenced to a term of unsuspended imprisonment that exceeds the presumptive term for a second-felony offender convicted of the same crime" unless the sentencing court finds one or more aggravating factors specified in AS 12.55.155(c) or "extraordinary circumstances" as defined in AS 12.55.165. The presumptive term for a second-felony offender convicted of a class C felony is 2 years of unsuspended imprisonment.[4] Therefore AS 12.55.125(k)(2) only limits the sentence which Judge Savell could impose in one respect—he could not sentence Peltola to more than 2 years of unsuspended imprisonment unless he found statutory aggravating factors or extraordinary circumstances. The statute places no limit on Judge Savell's authority to impose suspended incarceration.

Judge Savell imposed a sentence of 34 months with 18 months suspended. Judge Savell placed Peltola on probation for 3 years following his release from confinement. Since this sentence was less than 2 years of unsuspended time to serve, Judge Savell did not need to find statutory aggravating factors or extraordinary circumstances to impose this sentence under AS 12.55.125(k)(2).

Peltola's appeal raises several issues. He argues that, under *Blakely v. Washington*, Judge Savell could not sentence him to more than 2 years of imprisonment, including the suspended term of imprisonment, unless a jury found aggravating factors or extraordinary circumstances. He points out that Judge Savell considered general sentencing criteria such as Peltola's age and prospects for rehabilitation in imposing the sentence. He argues that these were impermissible aggravating factors which Judge Savell could

not consider under *Blakely* because a jury had not found these aggravating factors beyond a reasonable doubt.

Peltola's case is governed by *State v. Gibbs*.[5] In *Gibbs*, we explained the *Apprendi* and *Blakely* decisions as follows:

In *Apprendi v. New Jersey*,[6]the United States Supreme Court held that, with the exception of a defendant's prior convictions, "any [disputed] fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." [7]In *Blakely*, the Supreme Court clarified that, for purposes of *Apprendi*, the "statutory maximum" is the maximum term of imprisonment that a judge may lawfully impose *"solely on the basis of the facts reflected in a jury verdict or admitted by the defendant."*[8]

In *Gibbs*, we pointed out that AS 12.55.125(k)(2) only placed "a maximum limit on the unsuspended jail time that may be imposed on a first felony offender convicted of a class B or class C felony, absent proof of one or more of the aggavating factors listed in AS 12.55.155(c) or proof of extraordinary circumstances under AS 12.55.165."[9] Under our analysis in *Gibbs*, Judge Savell had the authority to impose up to 2 years of actual imprisonment without finding aggravating factors or extraordinary circumstances. Because Peltola's sentence was less than 2 years of unsuspended time, Judge Savell did not need to find any statutory aggravating factors or extraordinary circumstances to impose this sentence. *Blakely* only applies to factual findings that must be found to increase a defendant's sentence beyond a statutory maximum. The restrictions which *Blakely* places on sentencing courts do not apply in Peltola's case.

Peltola objects to the factors which Judge Savell considered in imposing sentence. Pel-

---

3.  AS 12.55.125(e).

4.  AS 12.55.125(e)(1).

5.  105 P.3d 145 (Alaska App.2005).

6.  530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

7.  *Id.* at 490, 120 S.Ct. at 2362–63.

8.  *Gibbs*, 105 P.3d at 147 (quoting *Blakely*, 542 U.S. at ——, 124 S.Ct. at 2537 (citations omitted) (emphasis in original)).

9.  *Id.* at 147.

tola did not raise this in the trial court. He therefore could only prevail if he established plain error. But even if Peltola did not have this burden, his claim has no merit. As we have previously explained, *Apprendi* and *Blakely* will not apply if the trial court must make a factual finding in order to increase the statutory penalty which the defendant faces. In Peltola's case, *Blakely* would apply if Judge Savell had imposed unsuspended jail time exceeding 2 years of imprisonment. But Judge Savell did not impose such a sentence.

There is nothing in *Blakely* that prevents a trial court from making factual findings to sentence a defendant within a sentencing range that was authorized by the jury's verdict. Alaska Statute 12.55.005 incorporates the sentencing criteria set out in *State v. Chaney.*[10] These criteria, such as defendants' prior criminal histories, their likelihood of rehabilitation, and the seriousness of their present offenses are all factors which a court may properly consider in imposing a sentence within an authorized range.

As we have pointed out, Judge Savell did not need to find a statutory aggravating factor to impose Peltola's sentence because he did not impose a term of unsuspended imprisonment in excess of 2 years. But in this case, the State proposed an aggravating factor. And Peltola conceded the aggravating factor at sentencing. In *Blakely,* the Supreme Court stated that the maximum term of imprisonment is the maximum term that a judge could lawfully impose *"solely on the basis of the facts reflected in a jury verdict or admitted by the defendant."*[11] Because Peltola conceded the aggravating factor, Judge Savell could have found the aggravating factor and legally imposed a sentence of unsuspended time to serve of up to 5 years, the maximum sentence for a class C felony offender, without violating AS 12.55.125(k)(2) or *Blakely.*

**10.** 477 P.2d 441 (Alaska 1970).

**11.** 542 U.S. at ——, 124 S.Ct. at 2537 (citations omitted) (emphasis in original).

**12.** Appellate Rule 215(a)(1).

*Conclusion*

We therefore conclude that the sentence which Judge Savell imposed was legal. Peltola also argues that his sentence was excessive. But, because the sentence did not exceed 2 years of imprisonment and also because it was imposed in accordance with a plea agreement that provided for imposition of a sentence equal to or less than a specified maximum sentence, we have no jurisdiction to review this sentence on the ground that it is excessive.[12] We therefore refer this case to the Alaska Supreme Court for discretionary review of this issue.[13]

MANNHEIMER, Judge, concurring.

MANNHEIMER, Judge, concurring.

Ronald Peltola was indicted on five counts of felony bootlegging (selling alcoholic beverages without a license in a community that has exercised its statutory option to restrict the possession or sale of alcoholic beverages).[1]

This offense is a class C felony. Peltola was a first felony offender, so he was not subject to presumptive sentencing. Rather, his sentencing would have been governed by AS 12.55.125(k)(2). This statute would have prohibited the superior court from sentencing Peltola to more than 2 years to serve unless the court found one or more of the aggravating factors listed in AS 12.55.155(c), or extraordinary circumstances as defined in AS 12.55.165.

However, Peltola ultimately reached a plea and sentencing agreement with the State. Under the terms of this agreement, Peltola pleaded no contest to a single count of felony bootlegging, although he further agreed to concede all five illegal sales for sentencing purposes. In addition, Peltola's plea agreement specified that he would receive no more than 18 months to serve—thus rendering moot the 24–month statutory ceiling that would have governed his sentencing under AS 12.55.125(k)(2).

**13.** Appellate Rule 215(k).

**1.** AS 04.11.010 and AS 04.16.200(b).

Even though Peltola's agreed-upon sentence was not going to exceed this statutory ceiling, the State nevertheless filed a pre-sentencing notice in which it announced its intention to rely upon one aggravating factor: AS 12.55.155(c)(21) (history of repeated instances of similar criminal conduct), based on the fact that Peltola had a prior conviction for bootlegging, as well as the five instances of bootlegging involved in the current case.

Peltola's sentencing hearing took place on September 21, 2004—some three months after the United States Supreme Court announced its decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Peltola's attorney was aware of the *Blakely* decision because the State cited *Blakely* in its pre-sentencing notice of aggravating factors. (The State asserted that its proposed aggravating factor was consistent with *Blakely* because the factor was based on a prior criminal conviction.)

Even though Peltola's attorney had been alerted to *Blakely*, he never raised a *Blakely* issue at the sentencing hearing. Instead, Peltola's attorney expressly conceded the State's proposed aggravator (c)(21), and he further conceded aggravator (c)(10) (conduct among the most serious within the definition of the offense):

> *Defense Attorney:* Mr. Peltola does not dispute [the State's proposed] aggravator in this case, but [he] notes that [his prior bootlegging conviction occurred almost] 20 years ago. [It was] 16 or 18 years ago, and most courts ... consider older offenses less important than more recent offenses....
>
> *The Court:* Doesn't the consolidation of these [five] counts into one give rise to [the] aggravator of most serious [conduct]?
>
> *Defense Attorney:* Oh, I suppose.

Despite these two conceded aggravating factors, the superior court adhered to the terms of the plea bargain and gave Peltola a sentence of 16 months to serve (34 months with 18 suspended).

Now, on appeal, Peltola contends for the first time that the sentencing judge violated *Blakely* when the judge, in his sentencing

remarks, adverted to other facts in Peltola's history (his age, his recurring problems with alcohol, and his other problems with the law) that had not been proved to a jury. Because Peltola raised no objection to these matters at the sentencing hearing, he must prove plain error.

There is no plain error in Peltola's case. His argument in this appeal misapprehends the *Blakely* decision.

As we recently explained in *State v. Gibbs*, 105 P.3d 145 (Alaska App.2005), the primary holding in *Blakely* is that a defendant has a right to a jury trial on all factual issues that are necessary to establish the sentencing judge's authority to impose the type of sentence that the defendant received. Thus, when a sentencing judge has no authority to exceed a specified sentencing ceiling unless particular aggravating factors are proved, the defendant has the right to demand a jury trial on those aggravating factors. If the defendant is denied this right, the sentencing judge can not exceed the prescribed statutory ceiling.[2]

But, as Judge Coats points out in his lead opinion, *Blakely* does not regulate or restrict a sentencing judge's traditional consideration of the many factors that potentially affect the selection of a case-appropriate sentence within the applicable statutory bounds. Rather, *Blakely* addresses a defendant's right to a jury trial on the factual issues that establish those applicable sentencing bounds.

Under *Blakely*, there are two questions to be asked. First, what is the maximum sentence prescribed by the legislature for the defendant's offense, given the defendant's prior convictions and given the particular facts that (a) were found by the defendant's jury or (b) were admitted by the defendant in lieu of demanding a jury trial? And second, does the defendant's sentence exceed this statutory maximum?

Once this point is understood, Peltola's *Blakely* claim evaporates.

Peltola's plea agreement insured that his case would raise no immediate *Blakely* issue. Under that plea agreement, Peltola could not

---

2. *Gibbs*, 105 P.3d at 147–48.

receive more than 18 months to serve—six months less than the 24 months to serve that would otherwise have been authorized by the governing sentencing statute, AS 12.55.125(k)(2), in the absence of any aggravating factors.

Peltola did receive an additional year and a half of suspended time. If, in the future, Peltola's probation is revoked and some or all of that suspended time is imposed, his total sentence could exceed the normal ceiling of 24 months to serve, and this might raise a *Blakely* issue.[3]

I note, however, that Peltola expressly conceded two aggravating factors—(c)(10) and (c)(21)—at his sentencing hearing. Under AS 12.55.125(k)(2), either one of these aggravating factors is legally sufficient to empower the superior court to exceed the normal sentencing ceiling of 24 months to serve. Moreover, these factors were based on (a) Peltola's prior conviction for bootlegging and (b) the five instances of bootlegging that Peltola, in his plea agreement with the State, expressly conceded for purposes of sentencing in this case.

---

3. *See Gibbs,* 105 P.3d at 148.